### KORTZ v. THE CITY OF LAFAYETTE.

PLEADING—TIME.—In personal actions, time may be material as a means of identification of a particular act, and as a means of limiting the damages claimed to the injury caused by that particular act.

APPEAL from *Tippecanoe* Common Pleas.

RAY, CH. J.—This action was instituted for the recovery of damages, charged as resulting to the appellant from the

improper construction of certain attempted improvements, made by the corporate authorities of the city of *Lafayette*, along the line of one of the streets of said city.

The case is brought to this court on questions of law, reserved during the progress of the cause in the court below, under the provisions of sec. 347, 2 G. & H. 210.

The record includes the complaint, the answer, and the bill of exceptions, (which contains the instructions of the court to the jury,) and the statement of the court, "that the evidence on the trial of this cause established the fact that the grade of *Main* street, for its entire length, in said city of *Lafayette*, was made prior to the year 1860, and has not been since altered."

The instruction, to which the appellant excepted, is as follows: "That the plaintiff is confined to the injury occasioned by the improvement made in the year 1860, and can not recover for any damage by any former improvement; but if you find that the city at the time recognized and increased the grade of *Main* street, the jury may consider that fact; but if the damage was not occasioned by the increase of the grade of *Main* street, made at the time— to-wit: 1860—the plaintiff, by his pleading, is estopped from relying on any previous grade of *Main* street made by the defendant."

The complaint alleges that the appellant is the owner of a lot in said city of *Lafayette*, bounded on the east by *Pearl* street, and on the south by *Main* street; that there was a strip of low ground in said city, where water accumulated and flowed over, and passed off through a natural channel, without injury to adjacent property, "until the doing of the acts thereafter set forth;" "that in the course of the laying out of the streets in the various additions to said city, and the improvements of the same, always under the direction of the proper officers of said city, the water, which theretofore flowed through the natural channel aforesaid, was diverted from its original course and channel, and made to flow over and through certain streets, and especially that

all the water accumulating north of said *Main* street was brought into and made to flow through *Pearl* street aforesaid, along the east side of the lot aforesaid, and passing thence across *Main* street, was conducted through a drain or sewer along the south side of *Main* street, to a point some three hundred feet west of said *Pearl* street, where it was turned in a southerly direction again, and passed off as before, and that for some years the water so accumulating passed off as usual, and without damage.

"But plaintiff says that, in the summer of 1860, the defendant, by its proper officers, attempted to improve the drain, or sewer, or channel through which the water had theretofore passed, by walling the same for a considerable distance along said *Main* street, and from said *Main* street south; and that she also built at, etc., a channel for the passage of the water so accumulating as aforesaid across said *Main* street, by walling the same up with stone upon each side, and building a bridge over the same, and by filling the said *Main* street upon each side of said channel and bridge, so that the waters aforesaid would have no other outlet or passage from said *Pearl* street except through said channel or bridge, which opened into the drain or sewer aforesaid on the south side of said *Main* street, until the same became high enough to flow over and across the traveled part of said street, which is higher than the premises aforesaid of said plaintiff; by which construction of said channel, culvert, or bridge, the original channel or passage way of said water was very much lessened and narrowed, and was not made or left sufficiently large to pass freely the water accumulating, and which might accumulate in the manner aforesaid, and be directed and flow along said *Pearl* street. And said plaintiff says that, on or about the 27th day of *January*, 1862, (there being at that time a large amount of snow on the ground,) there came a large fall of rain, by which, and the melting of the snow aforesaid, there accumulated upon that part of the surface of the earth from which water is accustomed to

flow into the low ground and channel aforesaid, a large amount of water, which flowing and being conducted into said *Pearl* street, ought to have passed off the usual way, without inconvenience or damage to the plaintiff; but that, owing to the narrowness and want of capacity of the channel, bridge, or culvert at said *Main* street, and along the same, as constructed by the defendant as aforesaid, and owing to the filling up of said *Main* street, at .and near said bridge or culvert, said water could not pass off, but by the causes aforesaid was obstructed and accumulated in said *Pearl* street, above said *Main* street, in' such quantity that it flowed over the lot aforesaid."

There is also a second paragraph of the complaint, which contains the same averments, charging also that the work was unskillfully and improperly done by the defendant, whereby damages resulted.

It is insisted by the appellant that the time at which the act complained of was done is not material, and that he should not have been confined to the date fixed in his complaint. It is true that time is not in itself material; but, as a means of identification of one particular act from which an injury is alleged to have resulted, and as limiting the damages claimed to the injury caused by that particular act, we think the pleadings in this case make the time material. The proof, we must presume, the evidence not being in the record, sustained the allegations of the complaint, that certain improvements, in the summer of 1860, were made by the city "of the drain, or sewer, or channel through which the water had theretofore passed," and the question presented to the jury trying the cause was, whether the work then done caused the damage. This was the issue the city was called upon to meet, and not the results of another and distinct act, performed at another and different time. We think it clear that a recovery in this action would not have protected the city against another suit for damages resulting from the alteration of the grade of the street made at some former period,

and that therefore the recovery was properly limited to the damages, if any, resulting from the improvements which were in fact made at the time fixed by the complaint.

The instruction, we think, was correct as given. The judgment should be affirmed.

'Judgment affirmed.

*Gregory*, J., having been of counsel in the cause, was not present at the consideration of the case in·this court.

*R. C. Gregory*, for appellant.