COLLINGWOOD *v.* THE INDIANAPOLIS, PERU AND CHICAGO RAILWAY COMPANY.

NEW TRIAL.— *Weight of Evidence.*—On appeal to the Supreme Court, the judgment of the court below will rarely be reversed because a new trial of the cause was granted on the weight of evidence.

From the Marion Superior Court.

*J. W. Harper* and *D. V. Burns*, for appellant.

*D. Moss*, for appellee.

PERKINS, J.—Suit by Collingwood, against the Indianapolis, Peru and Chicago Railroad Company, to recover the value of a horse, alleged to have been killed by the cars of the company, where the road was not fenced.

Trial by jury at special term, verdict and judgment for

plaintiff, over a motion for a new trial. Appeal to general term. In general term, a new trial was granted upon the insufficiency, alone, of the evidence to sustain the verdict.

Instead of taking his new trial in the Superior Court, which he might have had more than a year ago, he appealed from the decision, in general term of that court, awarding a new trial, and assigns that ruling of the general term as error.

As a general proposition, a judgment will rarely be reversed, on appeal, because a new trial was granted below. And after having carefully examined the testimony given in the trial in the superior court, in special term, we can not say the court, in general term, so clearly erred as to authorize us to disturb its action. *Hill* v. *Goode*, 18 Ind. 207; *Cronk* v. *Cole*, 10 Ind. 485.

Regularly, the judge who presides at the trial in special term, in the Superior Court, sits as one of the judges in general term, in determining the question of reversal or affirmance. The court has the benefit of his experience at the trial, and his suggestions in reference to it. We should hesitate long before reversing the decision of that court in general term, granting a new trial on the weight of evidence.

The judgment of the general term, granting a new trial, is affirmed.