No. 9201.

WADDLE v. MEGEE ET AL.

SUPREME COURT.—*New Trial.—Practice.*—The Supreme Court will not reverse a judgment for error in granting a new trial, unless it appears that the action of the court has resulted in manifest injustice to the complaining party.
SAME.—*Newly Discovered Evidence.*—Where a new trial was asked because of newly discovered evidence and for various other reasons, the Supreme Court can not say that the trial court erred in granting such motion, because it should not have been granted for newly discovered evidence. The other reasons may have authorized the court to grant the motion.

From the Rush Circuit Court.

*J. S. Scobey*, for appellant.
*W. A. Cullen, B. L. Smith* and *C. Cambern*, for appellees.

BEST, C.—This action was brought to recover the amount due upon a note of $954, made by the appellees to the appellant on the 16th day of February, 1866.

The appellees answered that Megee was the principal in said note, and after its maturity, to wit, on the 18th day of March, 1867, he tendered to the appellant in legal currency

$960, the full amount of the principal and interest of said note; that he has since kept the tender good and brings said sum into court for the appellant.

A reply in denial was filed, a trial had and a verdict returned for the appellant. A new trial was granted, the cause again tried and a verdict returned for the appellees. A motion for a new trial by appellant was overruled, and final judgment was rendered upon the verdict.

The errors assigned are that the court erred in granting the appellees a new trial, and in refusing to grant the appellant a new trial.

The last assignment is not pressed and will not be further noticed.

The first assignment calls in question the ruling of the court in granting the appellees a new trial. Such rulings are rarely disturbed, and should not be unless the record shows that the ruling has resulted in manifest injustice to the complaining party. *Collingwood* v. *Indianapolis, etc., R. W. Co.,* 54 Ind. 15; *Leary* v. *Ebert,* 72 Ind. 418. This is not shown by this record.

The motion of appellees for a new trial embraced many causes, among others, newly discovered evidence, and the appellant, assuming that the new trial was granted for such cause, strenuously insists that the appellees had not used due diligence before the trial to discover such evidence. If the motion embraced no other cause, there would be much plausibility in this position. But it was also insisted that the verdict was not sustained by sufficient evidence; that it was contrary to law; that the amount assessed was too large, and that the court erred in each of the charges given to the jury. It does not appear for what cause the new trial was granted, and it is clear that if it was granted for any cause other than for newly discovered evidence, there is nothing in appellant's position. The instructions are not in the record, and in their absence we can not say that a new trial was not properly granted, because some or all of them were erroneous. Again, if the new

trial was granted upon the weight of the evidence, we can not say that the court erred, as it does not appear that the preponderance was not clearly with the appellees. In a word, it does not appear that the court erred in granting a new trial, and, therefore, the judgment must be affirmed. *Comstock* v. *Whitworth,* 75 Ind. 129.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at appellant's costs.