Fitzpatrick *et al. v.* Papa.

---

No. 10,228.

## FITZPATRICK ET AL. *v.* PAPA.

MARRIED WOMAN.—*Mortgage.*—*Husband and Wife.*—Suit against husband and wife to foreclose a mortgage made by them while the act of 1879 (Acts 1879, p. 160) was in force. Answer by the wife, that she owned the land by gift, and that the mortgage was made to secure a debt of the husband. Reply that the mortgage was made in consideration of the release of the land from a former mortgage, and the extension of the time of payment. *Held,* that the reply was good.

NEW TRIAL.—*Error.*—The granting of a new trial is available error only when it is plain that flagrant injustice has been done thereby.

SAME.—*Effect of.*—A new trial sets aside not only a general verdict, but also answers of the jury to interrogatories.

TRUST AND TRUSTEE.—*Innocent Purchaser.*—*Parol Trust.*—*Mortgage.*—As against a mortgagee in good faith a trust in favor of another than the mortgagor can not be established by parol.

PRACTICE.—*Evidence.*—*Objection.*—*Supreme Court.*—Only such objections to evidence admitted as have been stated below can be made in the Supreme Court, and the objection must be specific and not vague or too general, as that a deposition "was not properly and legally certified."

| 89 | 17 |
| 125 | 475 |
| 127 | 488 |
| 89 | 17 |
| 128 | 173 |
| 89 | 17 |
| 132 | 506 |
| 89 | 17 |
| 134 | 604 |
| 89 | 17 |
| 153 | 430 |
| 89 | 17 |
| 159 | 431 |
| 89 | 17 |
| 167 | 240 |

Fitzpatrick *et al. v.* Papa.

SAME.—*Evidence.*—A party can not divide his evidence in proof of a fact, and give part of it in chief and the other part in rebuttal.

SAME.—*Cross Complaint to Quiet Title.*—In a suit to foreclose a mortgage, if a defendant file a cross complaint to quiet title, the general denial will, under the statute, admit proof of any defence to the cross complaint.

DEPOSITIONS.—*Notice.—Judicial Knowledge.*—The Supreme Court takes judicial knowledge, that a notice at Ft. Wayne, served December 20th, to take depositions at Topeka, Kansas, on the 26th of the same month, gives sufficient time.

ATTORNEYS' FEES.—A party undertaking to pay attorneys' fees, with the principal debt, is liable for such increase thereof as he causes by making defence.

From the Allen Circuit Court.

*L. M. Ninde* and *T. E. Ellison*, for appellants.

*A. Zollars* and *J. J. Jenkinson*, for appellee.

ELLIOTT, J.—Appellee's complaint counts on a note and mortgage. The answer of appellant Elizabeth Fitzpatrick alleges that at the time the note and mortgage were executed she was the wife of her co-defendant; that no part of the consideration for which they were executed moved to her, but they were executed to secure a debt due from her husband, and that she was the owner, by gift and devise, of the real estate described in the mortgage. The second paragraph of the reply avers that the consideration of the note and mortgage was the surrender of a former mortgage lien, the dismissal of a foreclosure suit, and the extension of the time of payment of the debt.

At the time the note and mortgage were executed the act of 1879 was in force, and it is claimed that the reply is bad, because that act prohibited a married woman from encumbering her property as security for a debt of her husband. Acts 1879, p. 161.

The consideration for the note and mortgage was the release of a subsisting lien, and this was a valid consideration. A married woman who executes a mortgage to secure the release of a valid lien can not escape the consequences of her act upon the ground that the mortgage was executed to secure the debt.

of the husband. The benefit moves to her, for it relieves her property from a burden.

It is no doubt true that a married woman can not be deprived of her property upon the ground that she has performed acts which if done by one not under disability would constitute an estoppel *in pais,* but this principle has no application to a case like this. The appellee is not proceeding on the theory that there is an estoppel, but on the theory that the release of the lien of the first mortgage constituted an adequate consideration for the second.

The rule laid down in *Busenbarke* v. *Ramey,* 53 Ind. 499, and cases following it, does not apply where the creditor, in good faith and without notice, parts with a valid lien. Where there is a material change of position by the release of a subsisting lien on real estate, the creditor is entitled to protection upon the same general principle that *bona fide* purchasers are protected. The antecedent debt is always a valuable consideration, but the transfer of property upon that consideration will not always constitute the vendee a *bona fide* purchaser. *Hewitt* v. *Powers,* 84 Ind. 295; *Louthain* v. *Miller,* 85 Ind. 161. If to the debt is added the further element that a valid lien is in good faith and without notice parted with, then the case comes within the rule which protects *bona fide* purchasers. The pleadings in this case show the appellee's case to be within the rule.

The action of the trial court in granting a new trial will not be reviewed unless the complaining party makes a strong case, so strong as to convince the appellate court that "flagrant injustice has been done." *Daggett* v. *Flanagan,* 78 Ind. 253; *Leary* v. *Ebert,* 72 Ind. 418; *Collingwood* v. *Indianapolis, etc., R. W. Co.,* 54 Ind. 15. This is very far from such a case.

In the trial preceding the one which resulted in the judgment appealed from, answers to interrogatories were returned upon which appellants insist they are entitled to judgment. The order granting the new trial disposed of the answers to interrogatories as well as all the other incidents of the former trial.

On the trial the appellants offered to prove what was said by appellant Elizabeth Fitzpatrick's father at the time he executed the conveyance to her husband. The deed to the husband was complete on its face, and assumed to vest an absolute title in the grantee, and, as against an innocent purchaser, a contemporaneous agreement can not impair a title so created. The appellee took his first mortgage in good faith, parted with a valuable consideration, and his rights can not be impaired by a secret trust.

An express trust can not be created by parol. It is true that where the one party at the time of the purchase pays the consideration and title is taken by the other, with an agreement to hold for the person furnishing the consideration, a valid trust will result; in such a case, however, the trust is not created by the parol agreement, but results from the acts done by the parties. *Boyer* v. *Libey*, 88 Ind. 235. A trust so created is valid and enforceable between the parties, but can not prevail against a good faith purchaser without notice, and in that position the appellee stands.

A party must state his objections to evidence to the trial court, and it is only such objections as are there presented that can be considered on appeal. We can, therefore, consider only the objections stated to the court below.

It was objected to the deposition of appellee's witness Snow, that "the same was not properly and legally certified." We deem this objection too general and vague to present any question. It is necessary to point out with reasonable certainty the specific grounds of objection. *Murray* v. *Phillips*, 59 Ind. 56; *Manning* v. *Gasharie*, 27 Ind. 399.

The notice to take the deposition was served on the 20th of December, and the time appointed for taking, the 26th of the same month, and the place Topeka, Kansas, and as we know judicially the time required to travel from Fort Wayne to that place, we can not say that the notice was not sufficient.

It was proper for appellee to prove the execution of the former mortgage, its release and attendant circumstances, for

the purpose of showing the consideration of the note and mortgage sued on. Where there are conflicting claims to property, and one of the claimants founds his claim upon his good faith and want of notice, it is proper for him to prove the circumstances under which he acquired his interest and the consideration it cost him.

After the close of the appellee's evidence, and in reply to it, the appellant offered to prove that the appellee induced Elizabeth Fitzpatrick to sign the mortgage by threatening to send her husband to the penitentiary for having forged her name to the first mortgage, but the court excluded the evidence. The general rule is, that a party can not divide his evidence into two parts, give one in chief and the other in rebuttal, but, if he undertakes to go into a subject originally, he must then present all his evidence upon the points involved. *York* v. *Pease*, 2 Gray, 282; *Ashworth* v. *Kittridge*, 12 Cush. 193; 1 Greenl. Ev., section 74. Of course this rule does not apply where a matter is incidentally touched upon by the evidence in chief, but it does apply where the subject is directly entered upon. Trial courts have broad discretion in the matter of admitting rebutting evidence, and appellate courts will be slow to interfere with this discretion, and in the present case we can not say that there was an abuse of discretion in refusing to receive this evidence at the time it was offered. As the rule stated disposes of the point, we deem it unnecessary to enquire whether the evidence was either relevant or material.

It is proper to make an issue involving the title to land in actions to foreclose mortgages. *Ewing* v. *Patterson*, 35 Ind. 326. It is, indeed, the general rule that one made a party to an action to foreclose a mortgage, and challenged to assert his interest in the mortgaged premises, must, by a proper pleading, aver his title. *Ulrich* v. *Drischell*, 88 Ind. 354.

A cross complaint filed in a foreclosure suit, asserting a title to the land described in the mortgage, is essentially an action to quiet title. If the cross complainant succeeds, it is upon the ground that he owns a title which he is entitled to

have quieted.   The issue he tenders is one of title.   If the plaintiff should dismiss his action the cause would still stand for trial upon the cross complaint, and then the only issue would be as to the validity and rank of the title claimed by the cross complainant.   It follows that the pleading and practice in such cases must be essentially the same as in actions instituted to quiet title to land, and so the cases declare. *Ewing* v. *Patterson, supra ; Board, etc.,* v. *Lafayette, etc., R. R. Co.,* 50 Ind. 85.   The appellee was, therefore, entitled to give in evidence, under the general denial, all legitimate matters of defence to the cross complaint.

As the general denial pleaded to the cross complaint entitled the appellee to prove all defences, it was proper for him to give evidence tending to show that the conveyance upon which the asserted title was founded was fraudulent, and, as it was proper to give this evidence, it was proper for the court to instruct upon that subject.

It is not improper for the court to state hypothetically facts and instruct the jury as to the law applicable to such facts. This is the rule even in cases where the question is whether a conveyance was or was not fraudulent.   We have examined the evidence and regard it as amply sufficient to support the verdict.

Where a party undertakes to pay attorney's fees, and by contesting the claim, although successful in securing verdicts in some intermediate trials, increases the cost and expense, he is liable for the enhanced fees.   The right to recover the debt depends upon the final judgment of the court, and is not affected by intermediate verdicts which have been set aside by the court.   A verdict without a judgment is of no force in such a case.   The final judgment concludes the parties and determines their rights ; not intermediate verdicts, which the court has declared to be not sufficiently supported or not in accordance with the law.

Judgment affirmed.

ZOLLARS, J., having been of counsel, took no part in the consideration of this case.