The Indianapolis Cabinet Company v. Tucker.

No. 9430.

Opinion filed at the November term, 1882.

Petition for a rehearing overruled at the May term, 1883.

———————

No. 10,747.

THE INDIANAPOLIS CABINET COMPANY v. TUCKER.

From the Marion Superior Court.

R. S. Turrell, W. F. Stilz, A. C. Harris and W. H. Calkins, for appellant.

M. G. McLain and J. P. Baker, for appellee.

BICKNELL, C. C.—This was a suit by the appellant against the appellee upon a promissory note which had been indorsed in blank by the appellee for the accommodation of the maker. The note was payable at Fletcher's bank, in Indianapolis, and had been discounted by said bank, who held it at maturity.

The complaint averred that the note was for value delivered to the bank, by whom it was for value delivered to the plaintiff.

The defendant filed an answer and a cross complaint. The answer was in two paragraphs, to wit:

1. A general plea of payment before suit brought.

2. A special plea of payment.

The cross complaint alleged substantially the same facts stated in the second paragraph of the answer, and prayed for the cancellation of the note and for all other proper relief. The plaintiff replied in denial of the answer, and answered in denial of the cross complaint.

Upon a trial by the court in special term, there was a finding for defendant, and the note was ordered to be cancelled as to the defendant.

The Jeffersonville, Madison and Ind'polis R. R. Co. *et al.* v. Barbour *et al.*

The plaintiff moved for a new trial, alleging that the finding was not sustained by sufficient evidence and was contrary to law. This motion was overruled, and judgment was rendered on the finding. The plaintiff appealed to the superior court in general term, assigning as error the overruling of the motion for a new trial. The court in general term affirmed the judgment of the court in special term. The plaintiff appealed to this court, assigning here for error that the court in general term erred in affirming the judgment of the court in special term. The only matter presented by the record is the sufficiency of the evidence. The question is : Was the note paid, or was it purchased from the bank by the plaintiff? The evidence is conflicting, but there is testimony tending to support the finding. The judgment, therefore, must be affirmed. *Shields* v. *Moore*, 84 Ind. 440; *Michael* v. *Dunkle*, 84 Ind. 544 (43 Am. R. 100).

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be, and the same is hereby, in all things affirmed, at the costs of the appellant.