The Western Union Telegraph Company v. Kilpatrick.

No. 11,255.

THE WESTERN UNION TELEGRAPH CO. v. KILPATRICK.

SUPREME COURT.—*Assignment of Errors.*—*Waiver.*—A specification in an assignment of error, not discussed in brief, is treated as waived.

SAME.—*New Trial.*—The action of the court below in granting a new trial will not be reviewed unless it plainly appears that injustice has been done.

SAME.—*Instructions.*—Giving or refusing instructions can not be assigned as error, but is properly embraced in a motion for a new trial.

SAME.—*Verdict.*—*Evidence.*—If there be evidence tending to sustain the verdict, the Supreme Court can not consider its sufficiency.

PLEADING.—*Proof.*—*Time.*—*Materiality.*—Time is not in itself ordinarily material, but may be so as a means of identifying a particular transaction and limiting the damages to the injury caused thereby.

SAME.—*Evidence.*—*Telegraph.*—Where a complaint to recover the statutory penalty for failing to promptly send a telegraphic dispatch alleges that the dispatch was sent in March, it is not error to permit witnesses to prove that it was sent in January.

From the Superior Court of Tippecanoe County.

*J. A. Stein,* for appellant.

*F. B. Everett,* for appellee.

The Western Union Telegraph Company *v.* Kilpatrick.

BICKNELL, C. C.—This was an action by the appellee against the appellant to recover the statutory penalty of $100 for failing to transmit promptly a certain telegram, and also $7.50 for special damages sustained by such failure.

The complaint averred the receipt of the message at Dayton, in Tippecanoe county, by the defendant's agent there, at ten o'clock A. M., to be sent to Mrs. Dr. Pierce, who lived within a mile from the defendant's office in Lafayette, and eight miles from Dayton, and that said defendant negligently failed to send said message until four o'clock in the afternoon of the same day; that Mrs. Pierce was a physician, who had been attending the sick wife of the plaintiff, and that the message notified said physician that the plaintiff's wife was dead, in order that no more visits should be made; that, in consequence of the failure to send the message promptly, it did not reach Mrs. Pierce in time to prevent such visit, as it ought to have done and would have done, if promptly sent; that such visit was made, for which the plaintiff had to pay $7.50. Wherefore, etc.

A demurrer to the complaint for want of facts sufficient was overruled. The defendant answered by a general denial. The cause was tried by a jury, who returned a verdict for the plaintiff for $7.50.

The plaintiff moved for a new trial, alleging that the verdict was not sustained by sufficient evidence, and was contrary to the evidence, and was contrary to law. This motion was sustained and the defendant excepted.

At the second trial, the jury returned a verdict for the plaintiff for $107.50. The defendant moved for a new trial; this motion was overruled; judgment was rendered on the verdict; the defendant appealed. The errors assigned are:

1. Overruling the demurrer to the complaint.

2. Sustaining the plaintiff's motion for a new trial after the first verdict.

3. Refusal of instructions asked for by the appellant, and giving certain instructions in lieu thereof.

4. Overruling the defendant's motion for a new trial.

In this assignment of errors the appellant prays that the judgment be reversed, and that the court below be instructed to enter up judgment on the verdict rendered on the first trial, and that all subsequent costs be taxed against the appellee.

The first of the foregoing specifications of error is regarded as waived, because it is not discussed in the appellant's brief.

The second specification of error can not be sustained, because, in general, the action of the court below in granting a new trial will not be disturbed in this court, unless it plainly appears that injustice has been done, and this does not appear in the present case, because the evidence given on the first trial is not in the record. *Nagle* v. *Hornberger*, 6 Ind. 69; *Hust* v. *Conn*, 12 Ind. 257; *Hill* v. *Goode*, 18 Ind. 207; *Collingwood* v. *Indianapolis, etc., R. W. Co.*, 54 Ind. 15; *Fitzpatrick* v. *Papa*, 89 Ind. 17.

The third specification of error presents no question. The matter of it belongs to the motion for a new trial. *Breckinridge* v. *McAfee*, 54 Ind. 141; *Higham* v. *Warner*, 69 Ind. 549.

As to the fourth specification of error, the motion for a new trial presented the following causes therefor, to wit:

1. The verdict is contrary to law.

2. It is not sustained by sufficient evidence.

3. Error of law occurring at the trial, as follows: (*a*) In allowing the plaintiff to prove by the witness Goldsberry, and by Mrs. Fifield, and by Kellenberger, that the message was left for transmission on January 29th, 1881, when the complaint stated that the message was left for transmission on the — day of March, 1881. (*b*) In refusing to give the following instruction asked for by defendant, viz.: " This action is founded on a telegraphic dispatch, which it is alleged was left for transmission on a day of March, 1881. Proof must correspond with the time as stated in the complaint, and the plaintiff can not recover for the negligence or default of the defendant on a dispatch left for transmission

on the 28th or 29th day of January, 1881." (c) That the court erred in the whole and every part of the following charge given to the jury: There is a bill of exceptions containing this charge given, but as the appellant's counsel in his brief points out no error in it, and does not mention it, the general allegation of error therein must be regarded as waived. It is therefore not necessary to repeat here the charge alleged to have been given.

As to the instruction alleged to have been refused, it was held, in the case of *Kortz* v. *City of Lafayette*, 23 Ind. 382, that time is not in itself material ordinarily, but may be material as a means of identifying a particular act from which an injury is alleged to have resulted, and as limiting the damages claimed to the injury caused by that particular act; but even in criminal cases the State is not, ordinarily, bound to prove the precise time at which the alleged offence was committed. *Collins* v. *State*, 58 Ind. 5. The particular act may be identified without proof of the precise time alleged, and in this case, as the court, in the charge given, told the jury that " the plaintiff could not recover for any other dispatch than the one he had charged in the complaint," and as the dispatch was fully identified by the evidence, there was no error in refusing the charge requested; and there was no error in permitting the witnesses to prove that the dispatch was sent in January, and not in March, as the complaint alleged.

As to the other reasons for a new trial, which call in question the sufficiency of the evidence, there was evidence tending to sustain the verdict, and, therefore, the verdict can not be disturbed on this ground. *Indianapolis, etc., Co.* v. *Tucker*, 89 Ind. 601. And it was not contrary to law. The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby affirmed, at the costs of the appellant.

Filed April 23, 1884.

BICKNELL, C. C.—The appellant's counsel says, " Waiving all other points, I submit that the court below should have set aside the verdict as not sustained by sufficient evidence."

But the only question for this court in such cases is, was there evidence tending to sustain the verdict? In the present case there was such evidence; therefore the verdict can not be disturbed. *Ft. Wayne, etc., R. R. Co.* v. *Husselman,* 65 Ind. 73.

The petition for a rehearing ought to be overruled.

PER CURIAM.—The petition is overruled.

