Barner *et al.* v. Bayless *et al.*

<div style="border-bottom: 1px solid; width: 30%; margin: auto;"></div>

No. 16,047.

## BARNER ET AL. v. BAYLESS ET AL.

TAXES.—*In Aid of Construction of Railroad.*—*Suit to Cancel Donation in Aid of Construction.*—*Necessary Parties.*—*Void Judgment.*—Where certain taxpayers of a township, who were affected by a tax voted in aid of the construction of a railroad, petitioned the board of county commissioners to enter an order canceling the donation so voted, which was answered, and a cross-complaint filed by a taxpayer of the township, the pleadings failing to make the board of commissioners, the county auditor, or the county treasurer parties to the action, any order the court may have made in the case in relation to the collection of the tax in controversy was a nullity, because no party was before the court upon whom such an order could operate.

INTERVENOR.—*Right to File Intervening Petition.*—It is not error to allow a person who has an interest in an action, but who is not a party, to become a party by filing an intervening petition in the cause.

NEW TRIAL.—*When Reversible Error to Grant.*—To authorize a reversal of judgment on account of abuse of discretion of the trial court in granting a new trial, it should be made to appear: *First.* That there was a plain abuse of judicial discretion. *Secondly.* That flagrant injustice has been done the complaining party. *Thirdly.* That a very strong case for relief be made.

SPECIAL FINDING.—*When Court Has no Power to Change.*—*Motion to Strike Out.*—It is not error for the court to overrule a motion to strike out parts of its special finding, as the court has not the power to change its finding after it has once been announced and filed.

Barner *et al. v.* Bayless *et al.*

CONCLUSIONS OF LAW.—*Exceptions to.— When Taken.—Special Finding.*
—Where a special finding of facts and conclusions of law thereon
have been filed by the court, and a motion to make the finding more
specific, and one to strike out parts of the special finding, are made
and overruled, it is too late, after such proceedings, to enter ex-
ceptions to the conclusions of law. Such exceptions should have
been taken when the finding of the court was filed.

From the White Circuit Court.

*J. Claybaugh, H. Y. Morrison, M. Morrison, J. C.
Suit* and *J. V. Kent,* for appellants.

*G. R. Eldridge* and *J. A. Sims,* for appellees.

COFFEY, C. J.—This was a petition filed by the appel-
lants with the Board of Commissioners of Clinton county,
on the 15th day of June, 1886, praying said board to
enter an order canceling a donation voted by Center
township of that county, in aid of the construction of the
Frankfort and State Line Railroad.

The petition alleges, that at the March term of the
board, in the year 1878, a petition was filed asking that
Center township make an appropriation of twenty thous-
and dollars to aid the Frankfort and State Line Railroad
Company in constructing its line of road in said town-
ship by taking stock in or making a donation to the com-
pany; that the necessary steps were taken, and the appro-
priation voted and made; that at the June term of that
year, pursuant to the terms of such donation, the board
levied a tax to meet the same; that the auditor of the
county placed said tax on the duplicate and delivered the
same to the county treasurer prior to December 16, 1878;
that the railroad company had not expended, in the
actual construction of its road in the township, a sum
equal to twenty thousand dollars since said tax was so
placed on the duplicate for collection.

The appellee Samuel O. Bayless appeared to the pe-

tition, as a tax-payer of the township, and filed an answer and cross-complaint.

The Frankfort and State Line Railroad Company also appeared and answered.

A trial of the cause before the board of commissioners resulted in an order canceling the tax mentioned in the petition, from which order Bayless and the railroad company appealed to the Clinton Circuit Court. The venue of the cause was changed to the Carroll Circuit Court, where a trial resulted in a finding in favor of the appellants, but a new trial was granted.

The venue of the cause was then changed to the White Circuit Court, where a trial resulted in a finding and judgment in favor of the appellees.

After the cause was appealed to the circuit court, the appellee, the Western Construction Company, was permitted to appear and file an intervening petition, in which it set up that it had become the owner of the tax in controversy by assignment from the railroad company, and praying that its interests might be protected by the order made by the court on the final hearing of the cause.

From the finding and judgment entered by the White Circuit Court, this appeal is prosecuted.

Many of the questions discussed by counsel, in their briefs, when applied to this case, are of no importance whatever. The Board of Commissioners of Clinton county was not a party to the cross-complaint of Bayless, nor was the county auditor or county treasurer such party. They were not parties to this suit in any sense. It is plain, therefore, that any order the court may have made in this case, in relation to the collection of the tax in controversy, was a mere nullity, for the reason that no party was before the court upon whom such an order could operate. Such order could not affect the appellants, because they had no power to execute it; nor

were any orders made by the court affecting them, be- yond fixing their liability for the tax which they were seeking to avoid.

Nor does the order of the court directing that the tax, when collected, be paid over to the appellee, the Western Construction Co., in any manner affect the appellants. If they are compelled to pay the tax in controversy, it is immaterial to them whether it is paid over to the railroad company or to the construction company which performed the labor of constructing the railroad.

Stripped of these immaterial matters, we reach the controlling question in the case, and that is the question as to whether the railroad company had expended, in Center township, in the actual construction of its road, a sum equal to the donation voted by the township.

This was the question for trial before the circuit court. As a question of fact, it was hotly contested, and the evidence relating to it was conflicting.

The court hearing the evidence reached the conclusion that the company had expended, in the actual construction of its road in Center township, a sum largely in excess of the amount of the donation in controversy. With this conclusion, we have neither the power nor the inclination to interfere.

It is claimed, however, by the appellants, that during the progress of the cause the court below committed many errors which prevented them from having a fair trial.

It is claimed, *first*, that the court erred in permitting the Western Construction Co. to *intervene* and become a party to the suit.

It would seem to be a sufficient answer to this claim to say that the Western Construction Co. was permitted to become an intervenor in this case without objection or exception. Had such objection been made, as it was the

owner of the subject-matter of the suit, we see no impropriety in permitting it to appear and take such steps as would protect its interests.

Such seems to be the recognized practice. R. S. 1881, section 272; *Clough* v. *Thomas*, 53 Ind. 24; *Bitting* v. *Ten Eyck*, 85 Ind. 357; *Kastner* v. *Pibilinski*, 96 Ind. 229; Works' Prac., volume 1, section 163; *Mahr* v. *Norwich, etc., Fire Ins. Society*, 127 N. Y. 452.

*Second.* It is claimed that the court erred in granting the appellees a new trial in the Carroll Circuit Court.

The ground upon which the new trial was granted does not distinctly appear.

To authorize us to reverse a judgment on account of the abuse of the discretion of the lower court in granting a new trial, it should be made to appear—

*First.* That there was a plain abuse of judicial discretion.

*Second.* That flagrant injustice had been done the complaining party.

*Third.* A very strong case for relief should be made.

*Nagle* v. *Hornberger*, 6 Ind. 69; *Powell* v. *Grimes*, 8 Ind. 252; *Cronk* v. *Cole*, 10 Ind. 485; *Hill* v. *Goode*, 18 Ind. 207; *House* v. *Wright*, 22 Ind. 383; *Collingwood* v. *Indianapolis, etc., R. W. Co.*, 54 Ind. 15; *Leary* v. *Ebert*, 72 Ind. 418; *Daggett* v. *Flanagan*, 78 Ind. 253; *Waddle* v. *Megee*, 81 Ind. 247; *Fitzpatrick* v. *Papa*, 89 Ind. 17; *Western Union Tel. Co.* v. *Kilpatrick*, 97 Ind. 42.

None of these three things appear in this case. Indeed, the result of the last trial would seem to lead to the conclusion, if we indulge the presumption that everything was rightly done in court until the contrary appears, that the court acted wisely in granting the new trial in this case.

*Third.* It is contended that the court erred in over-

ruling the motion of the appellants to strike out parts of its special finding.

There was no error in this ruling.

The court had no power to change its special finding after it had been announced and filed. *Tarkington* v. *Purvis*, 128 Ind. 182; *Sharp* v. *Malia*, 124 Ind. 407; *Clark* v. *State, ex rel*., 125 Ind. 1.

*Fourth*. It is also contended that the court erred in setting aside a continuance granted the appellants by the court on account of sickness in the family of Judge Claybaugh, one of the counsel for the appellants.

The court seems to have granted to the appellants ample time to prepare for the trial of the cause, after the continuance was set aside. Indeed, no complaint is made on that ground.

It further appears that Judge Claybaugh appeared and assisted in the trial of the cause, so that the appellants had the full benefit of his services. There is nothing in the record showing that the appellants were in any way injured by this action of the court.

*Fifth*. It is finally contended, by the appellants, that the court erred in its conclusions of law upon the special facts found.

There were no exceptions taken to the conclusions of law at the time they were filed. After the special finding of facts and conclusions of law thereon were filed by the court, the appellants filed a motion to make the finding of facts more specific. They also filed a motion to strike out parts of the special finding of facts, each of which motions were overruled by the court. They then filed a motion for a *venire de novo,* which the court also overruled. After these several motions had been ruled upon by the court, they entered an exception to the conclusions of law. This was too late. *Dickson* v. *Rose*, 87 Ind. 103; *Smith* v. *McKean, Admr.*, 99 Ind. 101; *Helms*

v. *Wagner*, 102 Ind. 385; *Hull* v. *Louth, Guar.*, 109 Ind. 315.

If the appellants desired to except to the conclusions of law, they should have done so at the time the same were filed by the court.

There is no error in the record for which the judgment of the circuit court should be reversed.

Judgment affirmed.

Filed March 29, 1893.

## On Petition for a Rehearing.

COFFEY, J.—An earnest petition, assigning many reasons for a rehearing, is filed in this case, all of which have received a careful consideration.

We deem it unnecessary to notice, in this opinion, any of the reasons assigned, except the one which questions the sufficiency of the evidence in the record to sustain the finding of the court below. All other questions necessary to a decision of the cause are fully covered by the opinion heretofore filed.

It appears, from the evidence in the cause, that in the year 1874, Center township, in Clinton county, voted the sum of twenty thousand dollars to aid the construction of the Franfort and State Line Railroad through that township. In the year 1878, the township voted an additional twenty thousand dollars for a like purpose. In 1879, the company appeared before the Board of Commissioners of Clinton county and made proof of the fact that it had expended, in the actual construction of its road in Center township, a sum in excess of the first donation, and that it had run a train of cars over its road in the township, and was paid the amount of this donation. After the vote on the second donation was taken, the railroad company, by resolution, extended its roads seven-eighths of a mile for the purpose of reaching land in-

tended for the erection of a round-house and machine shops. It also entered into a contract with the Western Construction Co. for the completion of its road from the town of Frankfort to the State line dividing Indiana and Illinois. Under this contract, the construction company not only completed the road as originally located, but also constructed the seven-eighths of a mile above mentioned.

The evidence tends to show that when the construction company entered upon the work of completing the road, in the year 1880, it was not completed through Center township, and was not in a condition to be operated.

The grade was not completed. The ties numbered about twenty-six hundred and forty to the mile. They were six feet in length, and many of them were poles without the removal of the bark, with a surface of less than an inch. The iron was, in weight, thirty pounds to the lineal yard, had never been surfaced, and was not in line, and much of it crooked. There was no ballast of any kind upon it, and the weeds had grown up in the center of the track higher than an ordinary man's head, so that it was difficult to walk over it. No ditches had been constructed along the track for the purpose of carrying off the water.

The construction company, under its contract, completed the construction of the road, putting it in good condition ready for operation, and in doing so expended in Center township, including the amount expended in constructing the extension, a sum in excess of thirty thousand dollars.

It is contended by the appellants:

*First.* That the railroad company had no power to extend its road after the donation was voted, and thereby bind the township for the cost of constructing such extension.

We have found it unnecessary to enter into an examination of the question as to whether the railroad company had the power to extend its road and bind the tax-payers of the township for the construction of such extension, for the reason that we think the finding of the court is right, independently of this question.

*Second.* It is contended, by the appellants, that the sum expended by the construction company in completing the road in Center township should not be taken into consideration, because, they say, that such sum was not expended in actual construction, but in the betterment of a road already constructed.

We can not agree with the appellants in this contention. We must assume that the purpose of the people of Center township in voting the second donation was to secure a completed railroad that could be operated and which would benefit them. We must assume, also, that when the first donation was paid, the company had expended in the township, in the actual construction of its road, a sum equal to the donation, and that it had run a train of cars over its road through the township.

Still, the road was not completed, and was not in a condition to be operated, and was practically of no benefit to the people. Such completion, as we have seen, took place after the first donation was paid.

We think the construction of grade, digging necessary ditches, furnishing and putting down ties, furnishing and laying iron, and the putting in of ballast, are all properly chargeable to the construction account of a railroad. We can conceive of no other account to which it could be charged.

It is not denied that by the expenditure of the money last named the road was put in good condition, and that the voters of Center township received all they had the right to expect.

Nor is it necessary, to sustain the judgment in this case, that it should appear by the evidence that the company expended a sum equal to the donation in the construction of the road in Center township. This is an action by the appellants, as tax-payers, to avoid the tax, on the ground that the company had not expended that sum. The burden of the issue was upon them; and, before they could succeed, they were compelled to show, affirmatively, that no such sum had been expended. This, we think, the court was authorized, under the evidence, to find they had not done.

We think the petition for a rehearing should be overruled.

Filed June 15, 1893.