Filed Feb. 5, 1895.

---

No. 17,260.

McKINNEY *v.* THE FRANKFORT AND STATE LINE RAILROAD COMPANY ET AL.

| 140 | 95 |
|-----|-----|
| 140 | 700 |

| 140 | 95 |
|-----|-----|
| e162 | 585 |
| 162 | 593 |

| 140 | 95 |
|-----|-----|
| p166 | 167 |

JUDGMENT.—*Void as Against Persons Not Parties to Action.—Unenforceable.*—The court has no jurisdiction over those who are not parties to the suit and had no notice of its pendency and made no appearance therein, and having no jurisdiction, any judgment or order of the court against them is void and can not be enforced by attachment or any other manner.

APPEAL.—*From Judgment in Contempt Proceedings.—Attachment.*—An appeal lies from an order in contempt proceedings, directing that the parties refusing to obey the order of the court be confined in jail until they should execute such order.

Opinion on petition for rehearing by JORDAN, J.

From the White Circuit Court.

*J. C. Suit, M. A. Morrison, Palmer & Spencer, B. K. Elliott* and *W. F. Elliott,* for appellant.

*S. O. Bayless, J. H. Sims* and *G. R. Eldridge,* for appellees.

COFFEY, J.—This case may properly be said to constitute one branch of the case of *Barner* v. *Bayless,* 134 Ind. 600.

In that case the circuit court entered an order to the effect that the board of commissioners of Clinton county and the auditor and treasurer of that county should proceed to collect the railroad tax involved in that suit. Neither the board of commissioners, the county auditor nor the county treasurer of Clinton county was a party to the suit, nor were all the taxpayers of the township, voting the tax, parties to it.

Upon a return of the case above mentioned to the White Circuit Court the appellees undertook to compel the board of commissioners, the county auditor, and the treasurer to proceed with the collection of the tax, assuming that the order made against them to that effect was valid.   Upon their refusal to do so, they were attached as for being in contempt of the court, and were ordered confined in the jail of White county until they should execute the orders made in the case of *Barner* v. *Bayless, supra*.   From this action of the circuit court they appeal to this court and assign error.

That the order of the White Circuit Court in the case of *Barner* v. *Bayless, supra*, so far as it relates to the board of commissioners, the auditor and treasurer of Clinton county, is a mere nullity, we think is too plain to admit of a moment's controversy.   They were not parties to the suit and had no notice of its pendency.   The court was wholly without jurisdiction over either of them.   It is certainly not necessary to cite authority to prove that the judgment of a court against one over whom it has no jurisdiction is void.

As these orders were absolutely void, we do not think they could be enforced by attachment or in any other manner.   Of course, all who were parties to the case of *Barner* v. *Bayless, supra*, are bound by the judgment therein rendered, but the orders and judgments of the

court against those who were not parties are binding upon no one.

In holding that these orders could be enforced against the board of commissioners, the county auditor, and the county treasurer of Clinton county, we think the White Circuit Court erred.

The appellees in this case have also filed a motion to dismiss the appeal on the ground that no appeal lies in cases of this kind and contend that for this reason we have no jurisdiction of the cause.

The contention is that this is a proceeding for the enforcement of a civil right, and is expressly excepted from the provisions of our statute upon the subject of contempt, which provides for an appeal, and they claim that because not included in that statute no appeal is provided for.

It is undoubtedly true that the power to punish for contempt is generally exercised for two purposes, viz.:

*First.* To vindicate the dignity of the court for disrespect shown to it or its orders, and

*Second.* To compel the performance of some order or decree of the court which it is in the power of the party to perform and which he refuses to obey. 3 Am. & Eng. Encyc. of Law, 799.

It is also probably true that our statute upon the subject of contempt relates to the first class only, but we do not think it necessarily follows, that because the case does not fall within this statute no appeal lies. It is true that in the absence of a statute no appeal lies from a judgment finding one guilty of a contempt, but this is, perhaps, true of all cases. It is unnecessary to inquire whether the appellant in this case could maintain this appeal if he had been a party to the case of *Barner* v. *Bayless, supra,* and a valid judgment or order

McKinney v. The Frankfort and State Line Railroad Company et al.

had been rendered against him, for as we have seen he was not such a party, and no valid order could be made against him. This is the first time he has had an opportunity to be heard. Had he been a party to that suit, no doubt he could have appealed from the order therein made.

In the case of Whittem v. State, 36 Ind. 196, it was held that a defendant belonging to the class first above named had the right to appeal to this court under the provisions of section 148 of the criminal code, 2 G. & H., p. 425. The provisions of that statute, with some modifications not necessary to mention, is still in force.

Section 644, R. S. 1894, provides that appeals may be taken from the circuit courts and the superior courts to the Supreme Court, by either party, from all final judgments, except in actions originating before a justice of the peace or mayor of a city, where the amount in controversy, exclusive of interest and costs, does not exceed fifty dollars.

The judgment from which this appeal is prosecuted is certainly a final judgment, and it does not fall within the exception. So whether this is to be regarded as a proceeding for contempt, falling within the first class above referred to, or as a proceeding to enforce a civil remedy, we think an appeal lies. Having reached this conclusion, the motion to dismiss the appeal should be overruled.

The judgment of the White Circuit Court is reversed, with directions to overrule the demurrer of the appellees to the appellant's plea in abatement and for further proceedings not inconsistent with this opinion.

Filed Sept. 25, 1894.

ON PETITION FOR A REHEARING.

JORDAN, J.—The appellees herein have filed a petition

McKinney v. The Frankfort and State Line Railroad Company et al.

for a rehearing, and their learned counsel have very forcibly and earnestly presented their reasons why the same ought to be granted.

We have again, at the solicitation of appellees, carefully examined the points involved in this case and the authorities cited, and are unable to come to a conclusion different from that arrived at in the original opinion filed in this cause. The decisions of this court cited by appellees, and relied on by them in support of their contention, and which pertain to the rule governing orders made by the lower courts in remanding proceedings back to boards of commissioners on appeals therefrom, as to the effect of these orders, or direction to the board how to proceed, have no application to the point here in controversy.

In the judgment of the lower court, in the case of *Barner* v. *Bayless,* 134 Ind. 600, and from which the point in question arises, the railroad tax therein controverted was held to be valid and collectible, and in addition the court made the order as stated in the original opinion in this cause.

The question which is now again presented to us upon the petition for a rehearing is, was this order of the White Circuit Court entered against the appellant, treasurer of Clinton county, in a proceeding wherein he was not a party, and in no wise before the court, one to which he was bound to yield obedience, and upon his refusal so to do he would be guilty of contempt of court, and subject to a fine or imprisonment in the county jail? We think that the well settled principles of law compel us to adjudge that this order of the court, under the circumstances, was invalid, and consequently could not be enforced by attachment. Had the appellant voluntarily appeared to the action herein referred to, or had he been brought into court and submitted to its jurisdiction, and

had the order then in controversy been entered against him, a different question might be presented upon his refusal to obey the same.

It is true that upon the final determination of the case of *Barner* v. *Bayless, supra,* the judgment of the court would have been a sufficient warrant and authority for the appellant to have proceeded in accordance therewith, unless his action in the premises had been arrested by some judicial order.

If this court were to declare the law to be as contended for by the appellees, prison doors might fly open with ease and dispatch, and personal liberty would be jeopardized. If the appellant refused to discharge a duty enjoined upon him by law, a proper remedy was provided to compel him upon his failure to show sufficient cause for his refusal. The contention of appellees that this would necessitate another action, and result in delay and hardship, is a matter over which this court has no control. It is not a tribunal constituted to make laws, but its province is to declare what the law is governing the case under consideration.

In the decision of this cause, we do not mean to be understood that the appellant was a necessary party to the action wherein the order was made by the court, but what we do decide is the question involved, that his not being a party before the court, resulted in the order having no binding effect upon him, nor do we mean to hold that ministerial officers of courts who are such in the proper sense and meaning of that term, can not be required to obey the orders thereof, unless parties to the proceedings wherein they are entered.

The petition for a rehearing is therefore overruled.

Filed Jan. 10, 1895.