PATRICK J. TIERNEY, APPELLEE, V. EDWIN EVANS, SHERIFF, ET AL., APPELLANTS.

FILED NOVEMBER 1, 1912. No. 16,823.

1. **Judgment:** REVIVOR. Revivor of a dormant judgment under our statute has no other effect than to reinstate the judgment and authorize execution to collect the same.

2. ——: ——: PARTIES. One not a party to the original judgment who fails to appear upon service of the conditional order of revivor is not made a party to the judgment by the final order reviving the same.

3. **Execution:** INJUNCTION. One who was not a party to the proceedings in which judgment is entered may enjoin the levy of an execution upon his property to collect such judgment.

APPEAL from the district court for Boone county: JAMES N. PAUL, JUDGE. *Affirmed.*

*France & France* and *H. C. Vail,* for appellants.

*F. J. Mack* and *C. E. Spear, contra.*

SEDGWICK, J.

In December, 1883, the St. Paul Harvester Works recovered a judgment in the county court of Boone county against Patrick Tierney. In August, 1909, the St. Paul Harvester. Works filed in that court a motion and affidavit for a revivor of the judgment. A conditional order of revivor was made by the court, which was served upon this plaintiff. The sheriff's return upon the order shows that he served it personally upon "the within named Pat Tierney." This plaintiff made no appearance in the proceedings. Upon this return an order of revivor was made by the county court. Execution was then issued upon the judgment, and, the sheriff being about to levy upon the property of this plaintiff, this action was brought in the district court for Boone county against the sheriff and the county judge to restrain them from enforcing the judgment against this plaintiff. A temporary injunction was allowed, and upon the trial the injunction was made perpetual, and the defendants have appealed.

The plaintiff upon the trial testified that at the time of the entering of the judgment he was not of legal age, and was residing in the state of Missouri; that two or three years afterwards he removed to Madison county, in this state, where he resided for 19 years, and then removed to Boone county, where he had resided about 4 years at the time the conditional order of revivor was served upon him; that he never had any transactions whatever with the St. Paul Harvester Works, and was never sued by them, and that no summons had ever been served upon him at their suit. In this testimony he was supported by several witnesses, from which it appears that this plaintiff was not the party against whom the judgment of the St. Paul Harvester Works was rendered. The defendants offered no evidence upon this question, and rested their case upon the proposition that this plaintiff was bound by the order of revivor, and was estopped to deny that the judgment was against him. This posi-

tion of the defendants is wholly untenable. A judgment against one who has not been served with process and has made no appearance is not merely voidable; it is absolutely void. As said in *McKinney v. Frankfort & State Line Co.*, 140 Ind. 95, it "is a mere nullity." The evidence clearly shows that the judgment against Patrick Tierney was not a judgment against this plaintiff, Patrick J. Tierney. This plaintiff was never sued nor served, and as against him the judgment is a nullity. The proceeding in this state to revive a dormant judgment is not a new action, but is a continuation of the old. It takes the place of the old common law writ of *scire facias* for that purpose. This was early determined in this state in *Eaton v. Hasty*, 6 Neb. 419, where the authorities are cited and the matter fully considered. In that case it was sought to make the order of revivor determine certain rights of the parties. The effect of a judgment of revivor is stated in the first paragraph of the syllabus: "A judgment of revival is merely a continuation of the original action, and continues the vitality of the original judgment with all its incidents from the time of its rendition." This conclusion was cited and approved by this court in *Bankers Life Ins. Co. v. Robbins*, 59 Neb. 170. In this latter case the court said: "It is not the commencement of a civil action, but the continuation of an action previously commenced. The object in view is not to obtain a judgment, but to obtain permission of the court to execute a judgment already in existence."

Other interesting and important questions are presented in the brief, but are not necessary to this decision. There never having been any judgment against this plaintiff, and the order of revivor having no other effect than to renew the former judgment, there was no authority to levy the execution on the property of this plaintiff, and the judgment of the district court is

AFFIRMED.