PEOPLE *ex rel.* HART *et al. v.* BLACKHURST.

(*Supreme Court, Special Term, New York County.* April 7, 1890.)

MANDAMUS—TO AFFIX CORPORATE SEAL.

> On an application for *mandamus* to compel the officer in possession of the seal of a church corporation to affix the same to a consolidation agreement theretofore made with another church corporation, it appeared that further proceedings in the

matter of consolidation had been enjoined in an action pending in another court on the ground of irregularity in the meeting at which the consolidation agreement was authorized. *Held*, that the *mandamus* would be denied.

Application on the relation of A. Bloomer Hart, as rector, and others, as church-wardens and vestry-men, of the Protestant Episcopal Church of St. Stephen, a corporation, for *mandamus* to James Blackhurst, as treasurer of said church, to affix its corporate seal to a contract theretofore made with the Holy Trinity Church, also a corporation, or to allow the clerk of relator to affix the seal. The affidavits filed in support of the application set out the proceedings had for consolidation and referred to in *Maclaury* v. *Hart*, 10 N. Y. Supp. 125, 24 N. E. Rep. 1013. They further averred that the rector and clerk of relator had signed the contract, and that it required only the corporate seal to make it effective, and that said Blackhurst had refused to affix the seal or to allow the same to be done. Defendant filed affidavits denying the legality of the consolidation proceedings, and alleging that he was not authorized by any resolution of the vestry to affix the seal to the contract. When this application was made, *Rector*, *etc*. v. *Blackhurst*, *ante*, 669, to recover possession of the corporate seal, was pending, and in *Maclaury* v. *Hart*, *supra*, to enjoin the consolidation of the two church corporations, the injunction had been granted at special term, and the proceedings in said actions were set out in the opposing affidavits.

*Andrew J. Shipman*, for relator. *Booraem, Hamilton & Beckett*, for respondent.

ANDREWS, J. As the court of common pleas has decided that proper notice of the meeting held on February 6th was not given, and that the resolution adopted at that meeting was therefore invalid, and has granted an injunction pending the litigation, restraining the defendant, Blackhurst, and others from taking any further steps to effect a consolidation of the two churches, the application for a *mandamus* must be denied, with $10 costs.