STATE, EX REL. MOORE, *v.* BURGETT, AUDITOR, ET AL.

[No. 18,248. Filed July 1, 1898.]

RAILROADS.—*County Aid.—County Commissioners.—Jurisdiction.—* The board of county commissioners has jurisdiction of the question relative to the cancelation of aid voted a railroad for the construction of the road through the county, and any final order or judgment rendered thereon by said board is final unless appealed from. *pp, 98, 99.*

SAME.—*County Aid.—County Commissioners.—Appeal.—*An appeal from a decision of the county commissioners canceling an order granting aid to a railroad company vacates such decision, and renders it of no effect; but if such appeal is dismissed for any cause the decision of the board again becomes effective, the same as if no appeal had been taken. *pp. 99.*

SAME.—*County Aid.—County Commissioners.—Appeal.—*An order of the circuit court in an appeal from the board of county commission-

State, *ex rel.* Moore, *v.* Burgett, Auditor, *et al.*

ers canceling a tax levy voted in aid of a railroad company requiring such board to enter upon its record an order to collect the tax is binding upon such board as a judicial body, and such board is required to make and enter such order and judgment as directed, the same as a circuit court is required to perform and execute the mandates of the Supreme Court made in a case appealed from such court. *pp. 99, 100.*

APPEALS.—*Parties.—County Commissioners.*—It is not necessary, in order to bind an inferior court in a case appealed from it, that the member or members thereof should be made parties to the case on appeal. *p. 100.*

COMPLAINT.— *Mandamus.— County Commissioners.— Appeal.—Railroads.—County Aid.*—A complaint in a mandamus proceeding in an action against the auditor and treasurer of the county to compel them to collect a railroad tax which had been voted by the county and placed upon the tax duplicate, but the collection thereof suspended until the road was permanently located, and afterward, on petition, as provided by section 5369, Burns' R. S. 1894, the order placing same on the tax duplicate was canceled, and such decision and order appealed from to the circuit court, wherein judgment was rendered that the board of commissioners should enter upon its record an order requiring that said tax be immediately collected by the treasurer of said county is bad for failing to allege that the board of commissioners entered the order of the circuit court upon its records. *p. 100.*

SAME.— *Alternative Writs.—Mandamus.—Former Appeal.*—The Supreme Court cannot disregard the allegations of the complaint and alternative writs in a mandamus proceeding, admitted by demurrer to be true, and look to the opinion of this court in a former appeal of the cause in determining the sufficiency of the complaint and alternative writs. *pp. 100-102.*

From the Hamilton Circuit Court. *Affirmed.*

*William R. Moore, F. Winter* and *A. W. Hatch,* for appellant.

*Gavin, Coffin & Davis, Joseph C. Suit* and *Martin A. Morrison,* for appellees.

MONKS, J.—On January 9, 1897, the relator commenced this action to compel appellees, the auditor and treasurer of Clinton county, to perform certain alleged duties in the collection of a railroad tax voted by Center township, in said county, in aid of the

Frankfort State Line Railroad Company. Alternative writs were issued, to which appellees filed separate demurrers, which were sustained by the court, and judgment rendered thereon in favor of appellees. The only errors assigned call in question the action of the court in sustaining said demurrers. It is alleged in substance, in the application and alternative writs, that on March 5, 1878, a petition signed by a proper number of resident freeholders and taxpayers of Center township, Clinton county, Indiana, was filed before the board of commissioners of said county, asking that $20,000 be voted in aid of the Frankfort & State Line Railroad Company. Subsequently such proceedings were had that an election was held, and such aid was duly voted; and said board of commissioners at their ensuing regular June session, entered an order making a levy of a special tax for said purpose, and directing the collection of the same. Thereupon the auditor, in pursuance of such order, placed the tax so levied upon the duplicate for the year 1878, and delivered the same to the treasurer for collection. After said tax had been so placed upon the duplicate, the collection of the same was suspended by the auditor and treasurer until the road had been permanently located in said township, and work done thereon in said township, and paid for by the company equal in amount to said donation. Afterwards, on April 29, 1886, a petition signed by David P. Barner *et al.*, twenty-five taxpayers of said township, was filed with the board of commissioners of said county, under the provisions of section 5369, Burns' R. S. 1894 (4069, Horner's R. S. 1897), asking that the aid voted be canceled for the reason that said railroad company had not within five years expended in the construction of said road, in said township, an amount of money equal to the aid so voted.

State, *ex rel.* Moore, *v.* Burgett, Auditor, *et al.*

Due notice of said petition was given in all respects as required by section 5369, (4069) *supra.* Afterwards, on June 16, 1886, Samuel O. Bayless, a resident taxpayer of said township, appeared and filed an answer and cross-complaint, alleging that the railroad company, within the time required had done an amount of work in the construction of said railroad in said township equal to the amount of said appropriation, and had fully completed its entire line in said township and county, and asked that said board order that said tax be collected the same as if the collection thereof had never been suspended. Said railroad company also filed an answer to said petition of Barner, *et al.* Barner and others filed an answer to the application of Bayless. On the issues so formed a trial was had, and the board of commissioners found for the petitioners, Barner *et al.*, and against Bayless, on his application, and entered a final judgment canceling the tax mentioned in the petition of Barner *et al.* From this judgment, Bayless and the railroad company appealed to the Clinton Circuit Court. After the appeal, the Western Construction Company was, on application, made a party, and allowed to file an intervening petition. On account of changes of venue, the cause was finally tried in the White Circuit Court; and said court, at the request of the parties, made a special finding of the facts, and stated its conclusions of law thereon. The finding was against the petitioners, Barner *et al.*, and in favor of Bayless on his application or complaint. The court found that the railroad company, within the time required by law, had expended in the construction of the railroad in said township more than the amount of the aid voted. The White Circuit Court rendered judgment on said finding and conclusions

of law: "That the petitioners, Barner *et al.*, are entitled to no relief; that the Frankfort & State Line Railroad Company, by expending in the construction of its line of railroad through Center township a sum in excess of $20,000, has, according to law, earned said sum of $20,000, local aid voted by the taxpayers of said township in aid of said railroad company; that the Western Construction Company, intervening petitioner, acquired by assignment, all rights and interest of said railroad company in and to said aid and money voted by said township; and that the board of commissioners of said county of Clinton, in the State of Indiana, shall enter upon its records an order requiring that said tax be immediately collected by the treasurer of said county, as though the same had never been suspended." This judgment was rendered October 3, 1890. Afterwards said cause was appealed by said Barner *et al.*, to this court, where the same was in all things affirmed June 15, 1893. A certified copy of said final judgment of the White Circuit Court was duly filed with the board of commissioners of Clinton county, and in the auditor's office of said county. After the same was so filed, William R. Moore, the relator in this action, and the Western Construction Company, demanded of Emanuel Burgett, auditor of said county, that he deliver the tax duplicate containing said railroad tax to the treasurer of Clinton county for collection, and he refused to do so; and they each also demanded of the treasurer of said county that he proceed to collect the same, which he refused to do. That said tax remains wholly uncollected.

The board of commissioners of Clinton county had jurisdiction of the question presented by the petition of Barner *et al.*, to cancel the aid voted, as well as the application of Bayless for an order to collect said

tax. These applications were both authorized by statute, and any final order or judgment rendered thereon by said board was final and conclusive, unless appealed from as provided by law. Sections 5369, 5394, Burns' R. S. 1894 (4069-4094, Horner's R. S. 1897). If the board had found in favor of Bayless on his petition, and ordered that said tax be collected at once as though the same had never been suspended, each of appellees could have been compelled, by mandamus, to take the steps necessary to the collection of said tax. The board of commissioners, however, found for Barner et al., on their petition, and against Bayless, and rendered judgment annulling and canceling the aid voted. The appeal from said judgment gave the court to which the appeal was taken the same power over the subject-matter and parties that was possessed by the board of commissioners of Clinton county. An appeal from a decision of a board of commissioners vacates such decision, and renders it of no effect; but if such appeal is dismissed for any cause, the decision of the board again becomes effective, the same as if no appeal had been taken. The appeal from the decision of the board of commissioners in the case of Barner et al. v. Bayless et al., therefore, vacated said decision of the board and rendered the same of no force or effect.

Under the provisions of section 7865, Burns' R. S. 1894 (5778, Horner's R. S. 1897) the White Circuit Court was authorized to make a final determination of the proceedings appealed from, and cause the same to be executed; or it had the power to send the same down to the board with orders how to proceed, and require such board to comply with the final determination made by the court in the premises. The White Circuit Court found that the railroad company had, within the proper time, expended in the construction

of its road in said township, more than the amount of the aid voted, and had fully complied with all the requirements of the statute; and said court was fully authorized to render final judgment ordering "that said tax be collected at once, the same as though the same had never been suspended."

It is not alleged, however, in the application or alternative writs, that the White Circuit Court rendered such judgment; but, on the contrary, it is alleged that said court rendered judgment that "the board of commissioners of said county of Clinton, in the State of Indiana, shall enter upon its record an order requiring that said tax be immediately collected by the treasurer of said county as though the same had never been suspended." It, in effect, as it was fully empowered to do, sent the same down to the board of commissioners of said county, with orders that such board enter such final order and judgment. This order was binding on the board of commissioners of Clinton county, as a judicial body; and they were required to make and enter such order and judgment as directed, the same as a circuit court is required to perform and execute the orders and mandates of this court made in a case appealed from such court. It is not necessary, in order to bind an inferior court in a case appealed from it, that the member or members thereof should be made parties to the case on appeal. Until said order of the White Circuit Court is entered by the board of commissioners of Clinton county on its records, appellant cannot claim or assert any rights thereunder against appellees. It is not averred that the board of commissioners of Clinton county ever entered said order on its records. Such allegation was necessary to render the application and alternative writs sufficient to withstand the demurrer.

State, *ex rel.* Moore, *v.* Burgett, Auditor, *et al.*

Counsel for appellant cite certain pages of the transcript in the case of *Barner* v. *Bayless*, 134 Ind. 600, where the judgment rendered by the White Circuit Court is set out, but we cannot refer to the transcript of that case for any such purpose. If the White Circuit Court in that case ordered that said railroad tax be immediately collected, as though the collection of the same had never been suspended, such fact should have been alleged in the application and alternative writs. We can only know what was adjudged by the White Circuit Court in the case of *Barner* v. *Bayless, supra,* from the allegations of the application and alternative writs in this case.

It is claimed by appellees that this court, in the opinion affirming the judgment of the White Circuit Court in *Barner* v. *Bayless, supra,* held that part of said judgment upon which appellant bases its cause of action void, and that, therefore, only that part of said judgment not held void was affirmed by this court, and that as the part of said judgment upon which appellant relies is void, no right can be asserted thereunder. The allegation in the complaint and alternative writs in regard to the action of this court in said case of *Barner* v. *Bayless, supra,* is that the "proceedings and judgment of the White Circuit Court were in all things affirmed." We are not at liberty to disregard the allegations of the complaint and alternative writs, which were admitted by the demurrer to be true, and look to the opinion of this court in said cause in determining the question of the sufficiency of the complaint and alternative writs. As we have already said, we can only know what was adjudged by the White Circuit Court in said cause, and by this court on appeal, from the allegations in the complaint and alternative writs, and if the judgment alleged to have been rendered, or any part

thereof, was in any way changed, modified, or set aside, or held null and void, by this court, on appeal, we could not take judicial notice thereof, as against the allegation that the "proceedings and judgment were in all things affirmed." The effect of what was said by this court, if any, on the judgment of the White Circuit Court, is not before us, and we decide nothing upon that question. It is proper to say that what is said in this opinion, has reference alone to the facts set forth in the application and alternative writs, and admitted by the demurrers. The court below did not err, therefore, in sustaining appellee's demurrers to the application and alternative writs. Judgment affirmed.