SCHRADER, ROAD SUPERVISOR, *v.* THE STATE, EX REL. MASON.

[No. 19,568.   Filed October 30, 1901.]

157   341
162   588

157   341
f170   369
f170   448

OFFICERS.—*Expiration of Office.—Mandamus.—Appeal.*—Where a peremptory writ of mandate was directed to be issued against a road supervisor requiring him to issue a road tax receipt to relator, the action was against the incumbent in his official capacity, and he could not appeal from such judgment after the expiration of his term of office. *pp. 342-344.*

SAME.—*Road Supervisor.—Mandamus.*—A writ of mandate issued against a road supervisor requiring him to issue a road receipt is binding on his successor in office. *pp. 343, 344.*

Schrader *v.* State, *ex rel.*

OFFICERS.—*Expiration of Term.*—*Appeal.*—*Substitution of Parties.*
—Where a road supervisor appealed from a judgment after the termination of his term of office and the election and qualification of his successor, his successor cannot be substituted as appellant after the expiration of the time limit for appeal fixed by statute. *pp. 344, 345.*

From Warrick Circuit Court; *E. M. Swan,* Judge.

Mandamus by State on relation of Wm. F. Mason against William Schrader, road supervisor, to compel the issuance of a road tax receipt. From a judgment awarding the writ, defendant appealed after the expiration of his term of office. *Appeal dismissed.*

*S. H. Esarey* and *J. W. Ewing,* for appellant.
*C. A. Weathers,* for appellee.

JORDAN, J.—The State on relation of William F. Mason petitioned the lower court for a mandamus to compel William Schrader, as the supervisor of road district number one, of Troy township, Perry county, Indiana, to issue and deliver to the relator a road tax receipt as a credit upon his road taxes, in consideration of his cutting down and destroying burs and other obnoxious weeds growing along a certain public highway contiguous to the lands owned by the relator. The latter claims his right to such receipt and credit upon his road tax by virtue of an act of the legislature approved March 3, 1897, entitled "An act concerning the cutting down and destroying of briars, thistles, burs, docks, and other obnoxious weeds by owners of lands along public highways." Acts 1897, p. 122. The venue of the action was changed from the Perry Circuit Court to that of the Warrick Circuit Court, wherein a trial upon the issues resulted in the court, on June 12, 1900, rendering its final judgment, whereby a peremptory writ of mandate was directed to issue against Schrader as supervisor, requiring him to issue to the relator a road tax receipt for $12, the same to serve as a credit on his highway taxes to that amount. On February 1, 1901, Schrader, as such supervisor, appealed from the judgment of the lower court, to this

court, and on the same day, he, as the appellant in said appeal, filed his assignment of errors, whereby he complained of various alleged erroneous rulings of the trial court, by reason of which he prayed that the judgment below be in all things reversed. On August 28, 1901, appellee filed a motion to dismiss this appeal on the grounds that Schrader was not the supervisor of the road district in question at the time the appeal was taken by him. It is fully established by the verified evidence filed in support of this motion that one Fred Wagner, at the general November election of 1900, was duly elected as the successor of appellant herein, and on the 17th day of November, 1900, said Wagner duly qualified, as provided by law, as the supervisor of road district number one, of Troy township, Perry county, Indiana, and thenceforward ·has been discharging the duties of said office. It is evident from the facts that Wagner, for over two months prior to the time that the appeal in this case was taken by his predecessor, had succeeded to all the rights and duties of said office. When he was elected and qualified, appellant was thereby devested of his office of supervisor, and no longer had any title or interest therein. As he was neither *de jure* nor *de facto* supervisor of the road district in question, he had no color of right to prosecute this appeal.

Conceding, without deciding, that the duty of issuing the road tax receipt in dispute to the relator was, under the law, incumbent upon Schrader as the supervisor of the district in question, it would follow, therefore, that such duty would continue to rest upon him and his successor in office until performed. In such cases as this, the action is viewed and considered as being against the office to compel the performance of a duty devolving upon it regardless of the incumbent. The action is not against the incumbent in his personal or individual capacity, but is prosecuted against him in his official capacity, and there can be no recovery against him in the capacity of an individual. Conse-

quently when a peremptory mandate has been awarded against the officer, but his term of office has expired and the writ has not been obeyed, the court may and should order an *alias* peremptory writ to issue against his successor in office, who is bound by the judgment, for the performance of the required act. High on Ex. Leg. Rem., §38; *People, ex rel.,* v. *Supervisor,* 100 Ill. 332.

The mere fact that the judgment in this case for the peremptory writ may have been rendered against Schrader as such supervisor before he was devested of his office by the election and qualification of his successor did not invest him with such an appealable interest or right in the matter as could be enforced by him after the election and qualification of his successor. Where it is disclosed to this court that a party who assumes to appeal a cause has no appealable interest therein, the appeal will be dismissed, for the reason that a party who no longer has any substantial interest in the controversy will not be allowed to prosecute an appeal to this court. Elliott's App. Proc. §526; Ewbank's Manual §142; *Stauffer* v. *Salimonie, etc., Co.,* 147 Ind. 71.

Whatever appealable interest or right Schrader, in his official capacity, had in the 'proceedings. terminated or ceased after the election and qualification of his successor. The latter, therefore, upon his succession to the office, became bound by the judgment of the lower court, and was entitled to appeal therefrom to this court, instead of his predecessor, provided such appeal was taken within one year from the date of the final judgment.

On October 15, 1901, Wagner, as the successor of appellant, filed an application in this court to be made appellant in this appeal in the place and stead of Schrader. As the appeal by the latter, under the circumstances, is equivalent to no appeal, the granting of this application would operate to allow an appeal to be taken after the expiration of the time limit fixed by the statute. If Schrader had appealed from the judgment before his right or title to the

State, ex rel., v. Consumers Gas Trust Co.

office had been terminated, and he had thereafter been devested of his office, the substitution of his successor as appellant would have been proper. The application of Wagner to be made appellant herein is denied, and it follows for the reason stated that the appeal must be dismissed.

Appeal dismissed.