STATE, EX REL. MOORE, *v.* BOARD OF COMMISSIONERS OF CLINTON COUNTY.

[No. 19,797. Filed October 15, 1903. Mandate modified and rehearing denied March 15, 1904. Rehearing again denied May 11, 1904.]

APPEAL AND ERROR.—*Parties.—County Commissioners.*—It is not necessary on appeal in a mandamus proceeding against a board of county commissioners to make parties, and serve with process, the individual members of the board. *p. 588.*

SAME. — *Erroneous Decision of Supreme Court. — Law of Case. — Mandamus.* —Taxpayers petitioned the board, of county commissioners to cancel aid previously voted to a railroad. A cross-complaint filed by a taxpayer asked that the levy be enforced. The circuit court on appeal adjudged that the railroad was entitled to the aid voted, and directed the board to order the county treasurer to collect the tax. The Supreme Court on appeal affirmed that part of the circuit court's decision establishing the taxpayers' liability for the tax, but erroneously held void the directions to the county officers, on the ground that they were not made parties to the cross-complaint. *Held,* that mandamus will lie to compel the board to collect the tax. *pp. 589–592.*

PLEADING.—*Suit to Cancel Public Aid Tax.—Cross-Petition.—Parties.*—In a suit to cancel aid previously voted by a township to a railroad, a resident taxpayer may file a cross-petition setting up matters germane to the original petition. *pp. 590, 591.*

SAME.—*Judgment.*—In pleading a judgment in a suit to enforce the same by mandate, it is not a variance that the judgment as rendered contained further provisions than those pleaded, where the description of the judgment in the pleading is correct as far as it goes. *p. 592.*

State, *ex rel., v.* Board, etc.

Mandamus.—*To Enforce Collection of Railroad Aid Tax.—Who May Maintain Suit.*—One who is a taxpayer at the time of commencing mandamus proceedings to enforce the collection of a railroad aid tax has sufficient interest to maintain the suit.  *p. 593.*

Railroads.—*Public Aid.—Nature of Tax Voted.*—Where the petition to the board of county commissioners for an election to vote aid to a railroad is ambiguous, but the people vote on the distinctive proposition to make a "donation," their vote settles the nature of the aid to be extended.  *p. 594.*

Mandamus.—*To Require Board of County Commissioners to Order Public Aid Tax Collected.*—After the right of a railroad to receive public aid previously voted had been judicially determined, the county commissioners made an order directing the collection of the tax.  A year later it made an order setting aside the first, which operated to prevent the auditor from proceeding with the collection.  *Held,* that mandamus will lie to compel the commissioners to enter a new order.  *pp. 594, 595.*

Judgments.—*Collateral Attack.—County Commissioners' Court.*—Proceedings before a board of county commissioners to cancel a railroad aid tax, in which appeals were prosecuted to the circuit and supreme courts, will not be held void on collateral attack, though prior to the commencement of such proceedings the board had twice held against the right of the railroad company to have the tax collected.  *pp. 595, 596, 599.*

Mandamus.—*To Compel Collection of Public Aid Tax.—Issues Open to Controversy.*—Where it has been judicially determined that a railroad company is entitled to public aid voted by a township, matters which antedate such determination are not open to controversy in mandamus proceedings to compel the collection of the tax except as to the form of the order or execution.  *p. 598.*

Injunction. — *Invalid Tax.* — Injunction is a proper remedy against an illegal and void tax.  *p. 601.*

Same.—*Invalid Aid Tax.—Prior Judgment.*—Notwithstanding a judgment that a railroad company has performed the conditions on which aid was voted to it; yet if a new action is required to be instituted to enforce the judgment, it is a sufficient answer that in the interim the officers have been enjoined under a complaint which presented the question of law as to whether the proceeding under which aid was voted was not wholly void.  *pp. 600, 601.*

Mandamus. — *When Peremptory Writ not Issued.*—A peremptory writ of mandate will not be issued where it would be nugatory in its results.  *p. 601.*

Judgment. —*Default.—Effect of Judgment as to Same Matters in Another County. —Injunction.*—At the time an injunction decree was entered by default restraining a board of county commissioners from entertaining proceedings for the enforcement of a railroad aid tax, and the county auditor and county treasurer from collecting it, the circuit court of another

county, on change of venue, had decided on appeal from such board in favor of the tax. *Held,* that the judgment in the other county did not render the injunction decree void, where the complaint for injunction did not disclose the existence of such judgment. *pp. 598, 599.*

INJUNCTION —*Collection of Railroad Aid Tax.—Parties.—Township.*—The fact that a township is not a party defendant in a suit to enjoin a board of county commissioners and county officers from enforcing a railroad aid tax voted by the township does not render the injunction decree void as to those who were made defendants and duly served with process. *pp. 602, 603.*

OFFICERS.—*Injunction.—Successor in Office.*—An injunction decree against a public officer operates against his successor in office.  *p. 605.*

MANDAMUS.—*Collection of Railroad Aid Tax.—Previous Injunction.*—Mandamus will not lie to compel a board of county commissioners to order the collection of a railroad aid tax, where such board had previously been enjoined from ordering the collection, and where the personnel of the board has changed since the injunction was granted. *pp. 603–608.*

From Montgomery Circuit Court; *Jere West,* Judge.

Mandamus by the State of Indiana, on the relation of William R. Moore, against the Board of Commissioners of Clinton County. From a judgment for defendant, relator appeals. *Reversed.*

*W. R. Moore, A. W. Hatch, F. Winter* and *C. Winter,* for appellant.

*M. A. Morrison, F. E. Gavin, T. P. Davis* and *J. L. Gavin,* for appellee.

GILLETT, J.—Action by way of mandate to compel the board of commissioners of Clinton county to order the placing upon the duplicate of a tax that had theretofore been levied in aid of a railroad company, but which had been suspended until the completion of the railroad. March 5, 1878, a petition was filed before the board of commissioners of said county for the submission to the voters of Center township therein of a proposition to aid the Frankfort & State Line Railroad Company. Such proceedings were afterwards had that pursuant to an election a tax was levied by such board. April 29, 1886, one David P. Barner, a freeholder, and more than twenty-five other freeholders of said township, filed with said board a

petition asking that the aid so voted be canceled, for the reason "that said railroad company had not within five years expended in the construction of said road in said township an amount equal to the aid so voted." Due notice of said petition was given, and on June 16, 1886, one Samuel O. Bayless, a resident taxpayer of said township, appeared, and filed a cross-petition in said proceeding, alleging, in substance, the voting of said aid; that said railroad company, within the time required, had done an amount of work in the construction of said railroad in said township equal to the amount of the aid so voted, and had fully completed its entire line in said township and county. His petition concluded with a prayer that said board order said tax collected as if the collection thereof had never been suspended. Both said Bayless and said railroad company filed an answer to the petition of Barner and his associates, and they joined issue with said Bayless upon his cross-petition. A trial before the board resulted in a judgment canceling said tax and aid, and from said judgment Bayless and the railroad company appealed. Pending the appeal the Western Construction Company was made a party on its own application, and filed an intervening petition. The case was ultimately sent on change of venue to the White Circuit Court, and said court, after a trial, rendered judgment that the petitioners, Barner et al., were not entitled to any relief; that said railroad company, by expending a sum of money in excess of $20,000, had, "according to law, earned said sum of $20,000 local aid voted by the taxpayers of said Center township in favor of said railroad company;" that said construction company had acquired the right to said appropriation by assignment; and directing that the board of commissioners of said county of Clinton enter upon its records an order requiring that said tax be immediately collected by the treasurer of said county, as though the same had never been suspended. Further orders were

made in said judgment upon the auditor and treasurer of said county as to the steps they were respectively required to take to collect and pay over said aid.

From said judgment said petitioners prosecuted an appeal to this court, where said judgment was affirmed. *Barner* v. *Bayless,* 134 Ind. 600. In the course of the opinion in that case it was said: "Many of the questions discussed by counsel, in their briefs, when applied to this case, are of no importance whatever. The board of commissioners of Clinton county was not a party to the cross-complaint of Bayless, nor was the county auditor or county treasurer such party. They were not parties to this suit in any sense. It is plain, therefore, that any order the court may have made in this case, in relation to the collection of the tax in controversy, was a mere nullity, for the reason that no party was before the court upon whom such an order could operate. Such order could not affect the appellants, because they had no power to execute it; nor were any orders made by the court affecting them, beyond fixing their liability for the tax which they were seeking to avoid. Nor does the order of the court directing that the tax, when collected, be paid over to the appellee, the Western Construction Company, in any manner affect the appellants. If they are compelled to pay the tax in controversy, it is immaterial to them whether it is paid over to the railroad company or to the construction company which performed the labor of constructing the railroad. Stripped of these immaterial matters, we reach the controlling question in the case, and that is the question as to whether the railroad company had expended, in Center township, in the actual construction of its road, a sum equal to the donation voted by the township. This was the question for trial before the circuit court. As a question of fact, it was hotly contested, and the evidence relating to it was conflicting. The court hearing the evidence reached the conclusion that the company had expended, in

the actual construction of its road in Center township, a sum largely in excess of the amount of the donation in controversy. With this conclusion, we have neither the power nor the inclination to interfere."

After said cause was disposed of on appeal to this court, said Bayless and the Western Construction Company instituted contempt proceedings against the members of said board and the auditor and the treasurer of said county in the White Circuit Court, charging that said officers had failed to carry out the provisions of said judgment after a certified copy of the same had been served upon them. Upon a hearing said officers were committed by said court, and they appealed to this court, and here secured a reversal of said judgment. *McKinney* v. *Frankfort, etc., R. Co.,* 140 Ind. 95; *Davis* v. *Bayless,* 140 Ind. 700. The ground of reversal, as expressed in the McKinney case, seems to have been that the officers were not subject to proceedings for contempt in failing to obey the directions of a judgment to which they were not parties; but it was stated by this court, in ruling on the petition for a rehearing in said cause, that "if the appellant refused to discharge a duty enjoined upon him by law, a proper remedy was provided to compel him, upon his failure, to show sufficient cause for his refusal."

Subsequent to the disposition of said causes, the relator herein commenced a proceeding by way of mandate against the auditor and treasurer of said county to compel them to proceed to collect the tax. A demurrer was addressed by the defendants in said action to the application and alternative writ. The demurrer was sustained, and final judgment rendered against said relator. The latter appealed to this court, but the judgment was affirmed. *State, ex rel.,* v. *Burgett,* 151 Ind. 94. In the latter case a somewhat different view seems to have been taken from that expressed in *Barner* v. *Bayless,* 134 Ind. 600, as to the effect of the judgment against the board of commissioners,

but the rulings or statements of this court in the Barner case were not pleaded in the Burgett case, and this court held that it could not take judicial notice of said decision. As neither the taxpayers nor the appellee herein were parties to the Burgett case, the rulings of this court in the opinion therein rendered have not become the law of the case, but, as they accord with our present view, we quote the following from the opinion therein rendered: "Under the provisions of §7865 Burns 1894, §5778 Horner 1897, the White Circuit Court was authorized to make a final determination of the proceedings appealed from, and cause the same to be executed; or it had the power to send the same down to the board with orders how to proceed, and require such board to comply with the final determination made by the court in the premises. The White Circuit Court found that the railroad company had within the proper time expended in the construction of its road in said township, more than the amount of the aid voted, and had fully complied with all the requirements of the statute; and said court was fully authorized to render final judgment ordering 'that said tax be collected at once, the same as though the same had never been suspended.' It is not alleged, however, in the application or alternative writs, that the White Circuit Court rendered such judgment; but, on the contrary, it is alleged that said court rendered judgment that 'the board of commissioners of said county of Clinton, in the State of Indiana, shall enter upon its record an order requiring that said tax be immediately collected by the treasurer of said county as though the same had never been suspended.' It, in effect, as it was fully empowered to do, sent the same down to the board of commissioners of said county, with orders that such board enter such final order and judgment. This order was binding on the board of commissioners of Clinton county, as a judicial body; and they were required to make and enter such order and judgment as directed, the

same as a circuit court is required to perform and execute the orders and mandates of this court made in a case appealed from such court. It is not necessary, in order to bind an inferior court in a case appealed from it, that the member or members thereof should be made parties to the case on appeal. Until said order of the White Circuit Court is entered by the board of commissioners of Clinton county on its records, appellant cannot claim or assert any rights thereunder against appellees. It is not averred that the board of commissioners of Clinton county ever entered said order on its records. Such allegation was necessary to render the application and alternative writs sufficient to withstand the demurrer."

As to the pleadings in this case, they consisted of four paragraphs of petition, with accompanying alternative writs, the general denial, the fifteen years' statute of limitations, and a reply thereto. Upon the conclusion of appellant's evidence, the court directed a verdict against it, and upon the return of said verdict rendered final judgment thereon. We have set out the greater part of the evidence above, and in connection with such further statements as to the evidence as hereinafter appear, a sufficient understanding of the facts can be had. The question as to the propriety of the court's instruction is duly presented, and it is also assigned as error that the court overruled the demurrer to appellee's plea of the statute of limitations.

A preliminary question has been presented by a motion to dismiss the appeal, assigning as a reason that appellant has failed to make parties to this appeal, and to serve with process, the individual members of the board of commissioners who were inducted into office subsequent to the rendition of the judgment in the court below. An affidavit was filed in support of said motion.

It is contended on behalf of appellant that the board, in its collective capacity, was the sole defendant below and appellee here, and that the members thereof were only men-

tioned as showing the officers against whom the writ was to run. We incline to this view, but, if this be wrong, it does not follow that the appeal should be dismissed. If the individual members of the board had been the sole defendants in the case, there would have been a fair basis for the argument that upon an appeal from a judgment in their favor, which would in effect be a judgment in favor of the officers, their successors should have been served with process, if not made parties appellee. *Schrader* v. *State, ex rel.,* 157 Ind. 341; Elliott, App. Proc., §153. While it may be true that for most purposes there is wanting authority under §7820 Burns 1901 to sue a board of county commissioners, except concerning a matter pertaining to its corporate affairs, or for an act done in its corporate capacity, yet it is provided by statute that writs of mandate may be issued to any inferior tribunal, corporation, board, or person, to compel the performance of any act which the law specially enjoins, or a duty resulting from an office, trust, or station (§1182 Burns 1901); and this, we think, in view of the practice that existed before the enactment of the statute, warrants the conclusion that it was the legislative purpose to authorize the issuing of writs of mandate against boards of commissioners to compel the performance of ministerial duties generally. It was sufficient, in our opinion, to make either the board, as such, or all of the members thereof parties. *Wren* v. *City of Indianapolis,* 96 Ind. 206. As the board was a party defendant below and is an appellee here, and has been served with process, it is evident that it is in a position to urge every available ground that may exist in support of the judgment below. If the individual members of the board in their official capacities can be said to have been parties below, it is clear that the assignment of errors continues them as parties here. The judgment was in favor of the officers rather than in favor of the individual incumbents of the offices. *Wolfe* v. *Peirce,* 23 Ind. App.

591. While it is true that the new members of the board have not been served with process, yet, as the board in its collective capacity is a party, and can offer all available grounds of defense, we think that to dismiss the appeal on the ground suggested would be to pursue a technicality beyond the vanishing point. In any possible view as to who were made parties below or here, it appears that this court has jurisdiction authorizing it to adjudicate every question presented on this appeal between all the parties, and this is sufficient. *Wren* v. *City of Indianapolis, supra; Wolfe* v. *Peirce, supra.* The motion to dismiss the appeal is overruled.

We now proceed to a consideration of the principal case. Accepting the view of counsel for appellant that the duty herein sought to be enforced is a duty that has its origin in the judgment of the White Circuit Court, and that the statute could not begin to run until the disposition of said case in this court, we think, nevertheless, that the plea of the fifteen years' statute of limitations was sufficient. Whether said plea would be borne out by the facts is a question that is not presented.

Taking up the question as to whether the facts alleged and proved by appellant stated and showed a cause of action, we have first to observe that the theory on which the alternative writs in this case proceed is that the appellee board is charged with a duty to order the collection of the suspended tax by reason of what was adjudicated by the White Circuit Court. That court having decided the meritorious questions involved, and its judgment having been affirmed by this court, it would seem, upon superficial consideration at least, that the award of the White Circuit Court should be performed; but, as appellee's counsel have suggested many reasons which appeal to them as sufficient to uphold the result below, we regard ourselves as called upon not only to decide all of said points, but to express our views particularly as to a majority of them.

After a consideration of the objections urged against said proceedings, but before writing upon them, we may say that it is our judgment that but one serious question can exist as to the effect of said judgment as *res adjudicata*, and that question grows out of the declaration of this court, upon appeal from such judgment, that the board of commissioners was not bound thereby, because it was not a party thereto. The correct view upon this subject is expressed in *State, ex rel.,* v. *Burgett,* 151 Ind. 94. The declaration in the Barner case, *supra*, although incorrect, remains the law of the case, from which the parties cannot now escape; but we should not extend an erroneous declaration of the law beyond what is required. It is true that the opinion in said case declared that the orders made in relation to the collection of the tax were nullities for the assigned reason that the officers were not before the court, and therefore there was no one upon whom such orders could operate; but this court, in the opinion mentioned, recognized and did not disturb the orders made by the White Circuit Court against the petitioners, "fixing their liability for the tax." It is also to be considered that the opinion was followed by a general judgment of affirmance. Most questions were therefore settled against the appellants to that appeal, and the decision of such questions has also become the law of the case. Giving to the erroneous declaration of law the narrowest limits necessary fairly to comport with its language, and it results that it must be held that it was, in effect, declared and settled that all questions of detail with reference to the enforcement and collection of the tax were still open. The judgment not only settled the question of performance on the part of the railroad company, but also the question as to the right to have steps taken to enforce and collect the necessary tax. Provision is made by statute for a public notice of the pendency of a proceeding to cancel an aid voted by a township, and we think that the result of a proceeding under

such a statute is to conclude all persons in interest as to questions which might have been properly litigated under the issues tendered by the petitioners.  Persons brought in under the notice provided by statute in such a case may file a cross-petition setting up matters germane to the original petition, and obtain affirmative relief.  See *Stoner* v. *Rice*, 121 Ind. 51; 6 L. R. A. 387.  The conditions of the appropriation having been shown to have been performed by the railroad company, the suspended tax ought to have been ordered collected; and as the same statute that provides for the hearing of the application to cancel has also provided that upon performance the commissioners are to order the collection, we think that the granting of such relief upon a cross-petition was clearly authorized.

As the result in the circuit court was one that might have been reached under the issues, and as it concluded all persons having an interest as to the right to have the tax ordered collected, we are unwilling to hold that the board of commissioners—the mere tribunal or agency to effectuate a proper result—can contend concerning questions that are settled against all of the taxpayers.  It is our view that by reason of the former decision there only remains open the question as to the provisions that should be made for the collection and paying over of the tax.  It may be admitted that under our ruling but routine matters remain to be determined, and that, with all else settled, the duty of the board in the premises is clear; but the fact that this result is obtained ought not to lead us to accord any broader operation to a wrong decision.  In our opinion, as the judgment of the White Circuit Court has settled the question as to the right to have a tax levied against the township, and as that court is now prevented from enforcing its judgment by reason of a declaration of this court on appeal that rendered the provision made nugatory, there is sufficient reason for holding that such judgment as it now stands creates a duty upon the part of the board that can

be enforced by writ of mandate. The taxpayers are concluded on all points except as to the orders against the officers by the result of the Barner case, *supra*, and to the extent that the taxpayers are concluded it must be held that the board cannot re-fight the old battle. Upon the points upon which the decision in said case remained *res adjudicata*, after the disposition thereof in this court, it must still so remain, and from the establishment of such facts by an adjudication that binds all interested parties flows the privilege of enforcing the right as against the board whose lawful duty it is to accord such right.

It is claimed by counsel for appellee that there is a variance between the allegations of the various paragraphs of the writ and the judgment rendered. There is no such variance between the fourth paragraph and the transcript of the judgment offered in evidence. Whatever is omitted from the judgment as alleged in said paragraph is what appellee's counsel contend was subtracted from the judgment by the declaration of this court on appeal. It is not a variance, however, that the judgment as rendered contained further provisions than those pleaded. The description of the judgment in the writ was correct as far as it went. Whether there was a variance between the evidence and any other paragraph of writ, and whether appellee could be heard to urge the question as to a variance here, are questions that it is not necessary to decide.

We do not think that the judgment of the White Circuit Court that was pleaded and proved was without the issue. Even if the money was spent on an extension of the road within the township, yet it was a question of law for the White Circuit Court whether this was a performance within the issues; and, besides, it was adjudged on appeal to this court from said judgment that, independently of said question, the finding of the White Circuit Court was right. It must also be borne in mind that the finding and judgment of the White Circuit Court was against the petitioners

upon their petition, and this amounts to an affirmance of the converse of the allegations of said petition as to the failure to spend an amount of money equal to the appropriation in the construction of the road in the township within the time provided by law.

As to the claim that relator was without interest, earlier decisions have settled the proposition that the question is one between the taxpayers. *Board, etc.,* v. *Louisville, etc., R. Co.,* 39 Ind. 192; *Sankey* v. *Terre Haute, etc., R. Co.,* 42 Ind. 402; *Jager* v. *Doherty,* 61 Ind. 528. It is our view that such tax as is collected should be collected from the entire property of the township as of the date when the board makes the order sought to be enforced in this proceeding, and it is therefore sufficient if the relator be a taxpayer at the time of the institution of the action. The legislature evidently did not contemplate' that a case would arise  where there would be unnecessary delay in the collection of the tax. This consideration explains some of the provisions of §5369 Burns 1901, but it is evident from the whole course of the enactments that it was intended that whenever such a tax was collected it was to be from the whole body of the township, and not as special assessments. See *Lake Shore, etc., R. Co.* v. *Smith,* 131 Ind. 512.

After the judgment was recovered in the original action, relator was not obliged to refile the demand for the collection of the tax before the board, and to appeal in case it decided adversely. The proceeding originally was judicial in its nature, but, after all questions having in them the element of judicial discretion had been eliminated by the adjudication against the taxpayers, there remained but a ministerial duty for the board to perform; that is, to order the suspended tax collected. *Carroll* v. *Board, etc.,* 28 Miss. 38; *McKinney* v. *Frankfort, etc., R. Co.,* 140 Ind. 95.

It is contended that the writ alleges that there was a donation of stock to the railroad company, while the petition which was filed before the board provided for a donation or a taking of stock. Waiving the question as to the effect of the former adjudication, we proceed to examine the point made. The petition was in form as stated. The board ordered an election "for the purpose of taking the votes of the legal voters of said township upon the subject of appropriating $20,000 in money by said township for the purpose of aiding in the construction of the Frankfort & State Line Railroad, as prayed in the foregoing petition." The notice of the holding of the election stated that the vote was to be taken "upon the subject of said township aiding the Frankfort & State Line Railroad Company in the construction of a railroad into said township by donating money to said company to the amount of $20,000, as provided by an act," etc. The sheriff's notice was to the same effect. The subsequent order of the board for the collection of the tax recited that a majority of the legal voters of the township voted in favor of "an appropriation," and ordered the collection of a tax for the purpose of aiding said railroad company. In a case of this kind, where the petition and the commissioners' order are ambiguous, but the people vote on the distinctive proposition to make a donation, we think that their vote settles the nature of the aid to be extended. *Faris* v. *Reynolds,* 70 Ind. 359; *Lafayette, etc., R. Co.* v. *Geiger,* 34 Ind. 185. As said in the former case: "The people of a township, who vote this tax upon themselves, should have the right, and, as we think, have the right under the law, to determine by their vote the manner in which the money shall be used, whether by donation of the money or by taking stock in the company. They may be supposed to know what their interests in the matter may be quite as well as the board of commissioners of the county."

It appears that after the judgment was rendered by the

White Circuit Court in the main case, the board met, and ordered the suspended tax collected, and that about a year later it made an order setting aside said former order and declaring it void. It is now insisted by appellee that, if the latter order was entered without jurisdiction, it did not affect the prior order, while, if there was jurisdiction to make the subsequent order, appellant should have appealed therefrom. Appellee's last order, as the record in this case shows, practically operated to prevent the auditor from putting the tax on the duplicate, and it is hardly conscionable for appellee to insist upon the invalidity of such order, as it is not willing to concede that the former order is still operative. In point of law it is probable that the second order was void, but we hold that, as the record stands, relator had a right to require the entering of a new order.

The conduct of the board when demand was made of it, as well as the long course of litigation, warranted the inference that it had not made any other order concerning the collection of the tax except as above mentioned. If it had, we think that, as a matter peculiarly within its own knowledge, it should have offered affirmative evidence upon the subject, instead of insisting that relator should prove negatively that no order had been made for the collection of the tax after the making of the entry last mentioned. See *Shearer* v. *State,* 7 Blackf. 99; *Stevenson* v. *State,* 65 Ind. 409.

It is claimed that the record introduced in evidence shows that prior to the proceedings on which the judgment in the White Circuit Court was based there had been two adjudications by said board against the right to have the tax collected, and that, therefore, the board had exhausted its power further to consider said claim. Waiving all question as to the issues here, it is a sufficient answer to this proposition that no such issue was tendered in said former cause, and, as the question as to the right to have

the tax collected was determined against the taxpayers therein, the relator here is entitled to the benefit of the later adjudication. We can not sanction the view that a judgment is to be regarded as a nullity for the reason suggested in a case where the board was acting judicially, with jurisdiction over the parties and over the class of actions to which the particular case belongs, where nothing appears in the record to suggest any defect of jurisdiction.

We think that the record does not bear out the claim that the Carroll Circuit Court did not grant a new trial to the cross-complainants. The record shows that the court "grants a new trial herein." The claim that a new trial was granted to the defendants, and not to them as cross-complainants, is also contradicted by the further proceedings in the cause.

We think that the court erred in directing a verdict in appellee's favor.

We now proceed to a consideration of the cross-errors assigned by appellee respecting the rulings below on the pleadings. We are of the opinion that the various paragraphs of alternative writ were sufficient for reasons heretofore expressed. There was no available error in the sustaining of a demurrer to appellee's paragraphs of answer numbered from two to twenty-three, both inclusive. The matters pleaded in certain of said paragraphs would have been admissible under the general denial. Upon only two points do we feel justified in further expressing ourselves.

The fact that this court stated in its opinion on the petition for a rehearing in the Barner case that it was not necessary, to sustain the judgment, that it should appear that the railroad company had expended a sum equal to the donation in the construction of its road in the township does not amount to a determination that the adjudication in favor of Bayless was invalid. Barner and his co-petitioners were alleging in substance that the railroad company had not expended a sum of money in the con-

struction of its road in said township equal to the donation within the time required by law. Bayless affirmed the contrary in his cross-petition. This court merely held in that particular that the burden was on the original petitioners.

In a number of paragraphs of answer appellee alleges as facts matters which were adjudicated to the contrary by the judgment of the White Circuit Court. Counsel for appellee attempt to dissect that judgment in the effort to show that it does not respond to the averments of the cross-complaint, forgetting, apparently, the force of the adjudication against the taxpayers under the petition to cancel. Nor are we the more impressed with the effort now to bring forward matters of defense that were not made grounds of defense in the former case. As to what may be termed the direct defenses, at least, if a party holds them back when he is sued, he is not at liberty to assert them afterwards. *Faught* v. *Faught,* 98 Ind. 470; 24 Am. & Eng. Ency. Law (2d ed.), 781, 782.

In concluding this opinion we quote, as much in point, so far as principle is concerned, the following from the opinion of the Supreme Court of the United States in the case of *Ralls County Court* v. *United States,* 105 U. S. 733, 26 L. Ed. 1220. "In the return to the alternative writ many defenses were set up which related to the validity of the coupons on which the judgment had been obtained, as obligations of the county. As to all these defenses, it is sufficient to say it was conclusively settled by the judgment which lies at the foundation of the present suit, that the coupons were binding obligations of the county, duly created under the authority of the charter of the railroad company, and, as such, entitled to payment out of any fund that could lawfully be raised for that purpose. It has been in effect so decided by the supreme court of Missouri in *State* v. *Rainey,* 74 Mo. 229, and the principle on which the decision rests is elementary.

The present suit is in the nature of an execution, and its object is to enforce the payment, in some way provided by law, of the judgment which has been recovered. The only defenses that can be considered are those which may be presented in the proper course of judicial procedure against the collection of valid coupons, executed under the authority of law and reduced to judgment. While the coupons are merged in the judgment, they carried with them into the judgment all the remedies which in law formed a part of their contract obligations, and these remedies may still be enforced in all appropriate ways, notwithstanding the change in the form of the debt."

The above case, in substance, expresses our view here. This action is in the nature of an action to obtain what might be termed an execution on the judgment of the White Circuit Court, and it is only as to matters that relate to the question as to the form of the execution that are longer open to controversy.

We find no available error against appellee, but because of the overruling of appellant's motion for a new trial the final judgment will have to be reversed, with a direction to grant a new trial. It is so ordered.

Monks, C. J., concurs in the result.


## On Petition for Rehearing.

Gillett, C. J.—A petition for a rehearing has been filed by appellee in the above cause. It is urged that we erred in holding that the judgment of the White Circuit Court was not void, although before the institution of that proceeding the board had ordered the tax canceled. The subsequent cause was not like a claim against the county, where the board merely audits and allows or rejects the claim. When the second proceeding arose, the board was acting in a judicial capacity. For such purpose it had been created as an independent tribunal to pass upon the rights

of the taxpayers of the township. Its grant of power from the General Assembly to pass on that class of controversies constituted jurisdiction over the subject-matter. That jurisdiction was invoked by the petition which was filed to cancel the tax. Notice was given, pursuant to statute, of the pendency of the proceeding, with the result that another taxpayer, Bayless, appeared, and joined issue upon said petition, and also filed a cross-petition that the tax be ordered collected. No pleading setting up a former adjudication was filed by those seeking to have the tax canceled. The jurisdiction of the White Circuit Court and of this court, as well as of said board of commissioners, was each regularly invoked to pass upon the controversy, and judgment was pronounced in each instance. The proposition that in these circumstances the judgments so rendered were mere nullities seems to us to be most extraordinary. The jurisdiction of each of the courts above mentioned was regularly challenged to consider of its power to hear and determine. The exercise of this power was jurisdiction, and, if it were granted that a wrong result was reached in passing upon the power to proceed, the judgments relied on by relator were nevertheless impervious to collateral attack. None of the cases cited by appellee's counsel upon this point affords them any real support. They are either cases in which the board of commissioners was acting in a ministerial capacity, or where, in a judicial proceeding, an attempt was directly made to annul a prior judgment, a proceeding unauthorized by law.

One of the grounds on which counsel for appellee base their petition for a rehearing is that we failed to pass upon the sufficiency of the twelfth and fourteenth paragraphs of answer. The printed briefs in the cause were very voluminous, aggregating six hundred pages. This fact, and the further one that appellee's counsel did not set out the substance of said paragraphs in their brief on the cross-assignments of error according to the numerical sequence, led

us to overlook said paragraphs. We proceeded on the theory that all of the twenty-three paragraphs of special answer related to matters that pertained to or antedated the principal action. On a reëxamination of this cause, we find that we were in error in this assumption. We shall therefore pass upon these answers now. Said paragraphs charge, in substance, that an action was instituted in the year 1893 in the Clinton Circuit Court, by certain resident freeholders of the township which voted said tax, suing on behalf of themselves and all other owners of real and personal property in said township liable to be assessed for said special tax, against the auditor and the treasurer of said county, and said board, to enjoin said auditor from putting said tax on the duplicate, and said treasurer from collecting said tax, and to enjoin said board from exercising any jurisdiction over any application which theretofore had been, or which thereafter might be, filed for the collection of said tax and from paying any money or making any subscription of stock on account of said appropriation; that a summons against said officers and board was duly issued and served, and at the proper time they were defaulted; that thereafter such proceedings were duly had by said court in said action that said tax was adjudged null and void, and that a final decree of injunction was rendered against said officers and board as prayed. The answers further show that said complaint not only charged nonperformance by said railway company, but that other matters were set out which it was charged made the tax void. It is averred in the twelfth paragraph that Bayless and the relator Moore were at the time resident taxpayers of said township; and it was further charged in the fourteenth paragraph that said Moore had knowledge of the proceedings before the decree was rendered, and did not intervene therein.

The first objection urged by appellant's counsel to these answers is that the statutory remedy to cancel a railroad aid

tax on the ground of nonperformance is exclusive, and that therefore the circuit court could not entertain jurisdiction in such a case. This objection, if well taken, does not go far enough. As pointed out above, other matters were pleaded as reasons for declaring the entire proceeding void. Injunction may be a proper remedy against an illegal and void tax. *Smith* v. *Smith,* 159 Ind. 388, and cases cited. This court has recognized the right in certain circumstances to enjoin a railway aid tax. *Jager* v. *Doherty,* 61 Ind. 528; *Peed* v. *Millikan,* 79 Ind. 86. If it were granted that a decree enjoining a board of commissioners from proceeding in a matter which was wholly within its jurisdiction would be invalid even on collateral attack, yet this is not such a case. As above pointed out, the complaint made a case where it was for the Clinton Circuit Court to determine whether, as a matter of law, the' proceedings to aid in the construction of the railroad were not wholly void. *English* v. *Smock,* 34 Ind. 115, 7 Am Rep. 215; *Smith* v. *Smith, supra;* Van Fleet, Collat. Attack, §150. And see *Board, etc.,* v. *Spangler,* 159 Ind. 575. It is also to be recollected that the decree in question went further than to enjoin said board, since it enjoined the auditor and the treasurer from performing their respective duties. If the decree as to said latter officers is not void, it affords an answer to the mandate proceeding, since the peremptory writ will not issue where it appears that it would be nugatory in its results. *Board, etc.,* v. *State, ex, rel.,* 115 Ind. 64; *State, ex rel.,* v. *Cox,* 155 Ind. 593.

It is next claimed by appellant's counsel that the Clinton Circuit Court could not enjoin the enforcement of the judgment of the White Circuit Court. If this proposition were granted, the answer to it is that the complaint did not disclose that the latter court had rendered any judgment. Such matter was therefore, at most, but a defense. The effort of the plaintiffs in said action was to tear up the proceedings by the roots. The ulterior fact of the existence

of such judgment did not render the adjudication relied
upon by appellee void.

It is urged on behalf of appellant that the parties defend-
ant to said action did not occupy such a relation to the
matter in controversy as to invoke the jurisdiction of said
court to determine the validity of said tax.    The constitu-
tionality of the act of May 12, 1869 (Acts 1869, p. 92),
providing that counties and townships might aid in the
construction of railroads, was upheld, in its provisions rela-
tive to counties taking stock in railroad companies, by
holding, as the language of the act made it possible to do,
that the county was not liable to the railroad company, not-
withstanding the favorable vote, and that the only means
of enforcing the payment of aid voted was by mandate,
brought, after the collection of the tax, by one of the peti-
tioners initiating the proceeding, or by some taxpayer of the
county in which the aid had been voted.    *Lafayette, etc.,
R. Co.* v. *Geiger,* 34 Ind. 185; *Board, etc.,* v. *Louisville,
etc., R. Co.,* 39 Ind. 192.    This construction of the act has
been followed as to townships voting such aid.    *Petty* v.
*Myers,* 49 Ind. 1; *Jager* v. *Doherty, supra; Bittinger* v.
*Bell,* 65 Ind. 445; *Board, etc.,* v. *State, ex rel.,* 115 Ind.
64.    It has been held that the railroad company is not a
necessary or proper party defendant in an action to have
such a proceeding declared void.    *Jager* v. *Doherty, supra;
Bittinger* v. *Bell, supra.*    In the latter case, where the
action was to enjoin the county treasurer from collecting or
attempting to collect a tax voted in aid of a railroad com-
pany, it was held that it was not necessary to make the
board of commissioners a party defendant; but it was
further held that the treasurer, by reason of his office, was
both a proper and a necessary party defendant.    It would
seem, considering the posture of said Clinton county case,
that the last-cited precedent would require us to hold that
the board was at least a proper party defendant.    All of
the taxpayers of the township were represented as plain-

tiffs; the township in its corporate capacity was not empowered by statute to take any steps in the granting of such aid, while the board and the auditor and the treasurer had duties to perform, under the law, if the proceeds of tax should be paid over. We incline to the opinion that the board, as the agent of the township, was a proper party defendant under our code. But even if we were to admit that there was no proper party defendant before the court, it would not follow that its injunction was void. It was at least binding as to the defendants to the action, they having been duly served with process. *Keyes* v. *Ellensohn,* 30 N.Y. Supp. 1035; *In re Ruppaner's Will,* 41 N. Y. Supp. 212.

An injunction is essentially a preventive remedy; mandamus operates much, in the relief it affords, like a decree for specific performance. Ordinarily, injunction restrains action; mandamus commands it. The question is whether one court should require a defendant to do a thing which another court of equal jurisdiction has forbidden.

Mandamus was originally a prerogative writ, and it does not issue now, *ex debito justitiæ*. It issues at discretion, although this discretion is to be exercised in accordance with the rules that have been established concerning such practice. The writ is not granted where it will work injustice or introduce confusion and disorder. For these reasons a court will not ordinarily command the doing of an act which another court of competent jurisdiction has forbidden, where the doing of the act would subject the defendant to punishment for contempt. *Ex parte Fleming,* 4 Hill 581; *People, ex rel.,* v. *Board, etc.,* 30 Hun 146; *People, ex rel.,* v. *Blackhurst,* 11 N. Y. Supp. 669; *Ohio, etc., R. Co.* v. *Commissioners, etc.,* 7 Ohio St. 278; *People, ex rel.,* v. *Circuit Judge,* 40 Mich. 63; *State, ex rel.,* v. *Kispert,* 21 Wis. 392; High, Extra. Legal Rem. (3d ed.), §23; Spelling, Injunction (2d ed.), §1378.

The Ohio case above cited was one where a mandate was sought to compel a board of commissioners to make a sub-

scription for railroad stock in accordance with a vote that had been taken. There had been a prior injunction suit instituted against the commissioners to cancel the tax, and they had answered the bill. Such suit resulted in a final decree absolutely and perpetually enjoining the commissioners from subscribing to the stock. In disposing of the mandamus case, the Ohio supreme court said: "It is true, the Ohio & Indiana Railroad Company was not a party to the proceeding in chancery in which the decree of injunction was rendered, and that decree does not, therefore, bind or conclude the company by any of its findings; but it does nevertheless have the effect, while it exists in full force, to preclude the company from having the peculiar remedy which it now here seeks. If we were to award the peremptory writ of mandamus, we should command the commissioners of Wyandot county to do the very act which, by our decree of injunction in full force, they are forbidden to do. The idea of such inconsistency is wholly inadmissible. If the peremptory writ of mandamus were to issue, and the defendants failed to obey it, they would be liable to process for contempt, while, on the other hand, if they obeyed it, they would be equally in contempt for disobedience to the decree of injunction. Even where the order or decree of injunction is made by a court of competent jurisdiction other than that in which the mandamus is sought, the latter will not thus place a party between two fires, by subjecting him to contradictory orders. *Ex parte Fleming,* 4 Hill 581. Whether there be any way in which the Ohio & Indiana Railroad Company can get rid of the decree of injunction, is a question not before us. As to that, it is at liberty to proceed as it may be advised; but we are clear that it can not be done collateral in this proceeding." *State, ex rel., v. Kispert, supra,* has an especial application to this case. In that case the defendant's predecessor in office had been enjoined from doing the act which the alternative writ commanded. The court said:

"Was the treasurer justified by the injunction in not paying over the money? It is maintained by the counsel for the relator, that the injunction suit is collusive, and all proceedings in it void. We do not see any certain evidence of collusion on the part of Reinol, the treasurer. It would be a dangerous doctrine to establish, that a defendant, enjoined from doing any particular act, may himself determine that the injunction is void, and disregard it. We think he did right in obeying the injunction, and that it is a protection to him so long as it is in force; and it can not be annulled in this action. The remedy of the relator is not by mandamus, but by petition to be made a party to the injunction suit, or by some other proceeding."

Equity acts *in personam*, and in a very real sense it may be asserted that a court so acts in punishing for contempt for the violation of a decretal order of injunction. As was in effect pointed out in the principal opinion herein, although in another connection, a judgment estoppel in a case where an officer is a party, operates upon the office. The successor is in privity with his predecessor. It is to be borne in mind in this case, therefore, since the personnel of the board has changed since the injunction suit, that while the board is bound by the result of such suit, yet its members are not personally responsible for any dereliction of duty upon the part of the former board in not appearing. There is therefore an especial reason in this case why the members of the board as now constituted should not be compelled to do an act which at their peril they would be required to justify if cited for contempt in violating the decree pleaded. We hold that paragraphs twelve and fourteen of appellee's answer were sufficient, and that the court below erred in sustaining a demurrer to them.

As to the further grounds on which a rehearing is sought, we dispose of them with the statement that we remain content with the views expressed in the principal opinion.

In addition to the mandate heretofore entered by us, it is

now ordered that the judgment sustaining a demurrer to said two paragraphs of answer be reversed. As no reason remains for the granting of a rehearing, the petition is overruled.

## On Petition for Rehearing.

Gillett, C. J.—The fact that we modified our original mandate by ordering a reversal upon two of the cross-assignments of error while the cause was before us on appellee's petition for a rehearing has resulted in appellant seeking a rehearing. In the brief of appellant's counsel a number of cases are cited to the effect that, after a court of law has rendered a judgment in a cause over which it has jurisdiction, and is proceeding to enforce its judgment, it will not permit its authority to grant relief to be defeated by an injunction against an officer. In each of such cases, with the exception of *Savage* v. *Sternberg,* 19 Wash. 679, 54 Pac. 611, 67 Am. St. 751, the prior judgment was in full force, and the question was presented by the effort of the court rendering such judgment to collect it. In some of such cases a mandate had become necessary, as the judgment could not be collected by execution; but the writs were not new suits, and were in aid of a jurisdiction which had previously attached. This was clearly pointed out in *United States, ex rel.,* v. *Council of Keokuk,* 6 Wall. 514, 18 L. Ed. 933, which is one of the cases upon which counsel for appellant reply.

In *Savage* v. *Sternberg, supra,* it was assumed that the proceeding in equity was void as against the plaintiff in the subsequent mandate proceeding, since he was not a party, and on that ground the court assumed to criticise the cases in which it had been held that an officer will not be required by mandate to do an act which he has been expressly enjoined from doing. We have shown that whatever may be the effect of such a decree as the answers under consideration set up it was not void as to the officers who were made

defendants in said action.   The order was valid not only as to them, but also as to their successors in office.

We appreciate the force of the authorities cited by counsel for appellant which deny to an officer any shelter from a decree rendered against him alone, as against what might be likened to proceedings supplemental to execution in the court which not only originally had, but still retains, jurisdiction over the cause; but we deny the application of such authorities here.   When the judgment of the White Circuit Court was adjudged on appeal to be a nullity as against the board of commissioners, the auditor, and the treasurer, that adjudication became the law of the case. As a result, the White Circuit Court lost all authority to enforce its judgment.   It required a new and independent proceeding, instituted in another court, to enforce said judgment; and, since it had been adjudged a nullity as to said officers, the injunction decree became, in effect, the prior order.   For this reason we think that the facts of this case are not such as to bring it within the doctrine of the line of cases relied on by appellant's counsel relative to the attempted arrest of proceedings at law by injunction against a ministerial officer.

It is urged upon our consideration that the recognition of the doctrine that mandamus will not ordinarily lie to enforce the performance of an act which the officer has been enjoined from doing will lead to collusive attempts to evade the performance of public duties by means of injunction decrees obtained upon default.   It is always to be understood that each case is decided on appeal upon its own particular facts, and it is therefore to be understood that what we decide in this case is limited to its own facts.   We do not doubt the propriety of applying such doctrine here, since all of the officers who were parties to said injunction suit are now out of office.   Their successors, although bound by the decree, are not to be charged with laches in failing to defend.   As to the officers defaulted, the fact that

their own laches had brought them between two fires might be a controlling element, if there were no other remedy, in prompting the issuance of the peremptory writ. In a case like this, however, where the relator has sinned away his opportunity to proceed against such officers by delaying the institution of this proceeding for nearly five years after the rendition of said decree, the matter has a different aspect. The present officers, who have not been guilty of any default, ought not, at their peril, to be compelled to answer for contempt of the authority of the court that granted the injunction. While it may be possible that they might purge themselves by proof of the facts, yet said court, having the prior jurisdiction, would naturally be disposed to use its power to prevent the officers from persevering in a course which would work the entire undoing of the decree, and in an internecine controversy between courts making conflicting demands upon the same officers, it is probable that, although entirely innocent, they would be burdened with expense and harassed with anxiety, if not actually punished for contempt, before the matter could be disposed of. The fact that the issuance of the final writ would work confusion and injustice affords a sufficient reason, in view of relator's delay, for the refusal of the writ.

After further consideration, and in the light of the brief of counsel for appellant upon the question as to the sufficiency of said answers, we are still of the opinion that they stated facts in bar of the issuance of the peremptory writ.

Appellant's petition for a rehearing is overruled.